## Horace Gould *vs.* William C. Fuller.

As a general rule, whatever payment one surety may receive from the principal shall enure to the benefit of all ; but where payment of the debt for which all were liable, has been made by one surety, and the claim against each of the others to contribute has become fixed, each may look to his principal for a reimbursement of the share paid by him, on his separate account.

If one of two sureties has actually paid the debt for which both were liable, he may recover of the other surety half the amount thereof, although after such payment he may have been repaid by the principal the other half expressly for his separate indemnity.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Assumpsit for money paid, laid out and expended, the suit having been commenced *July* 22, 1839. The plaintiff and defendant had been sureties for *Asa H. Hankerson* in a note to *G. W. Stanley.* *Fuller* received certain property of *Hankerson* to be appropriated to the payment of the note, and it was disposed of, and the proceeds paid over to *Stanley* at different times, the last payment having been made *March* 12, 1834. In *October,* 1838,

the plaintiff paid to *Stanley* the balance then due on the note, amounting to $83,05.

The defendant proved, that on *March* 6, 1839, the plaintiff settled with *Hankerson* for one half the amount he had paid on his account, and gave him a receipt as follows. "*March* 6, 1839. This day received of *Asa H. Hankerson* forty-five dollars in full for my half of a note signed by myself and *William C. Fuller,* and *Asa H. Hankerson* as principal, dated *Sept.* 1832. The property I received for this was for my special benefit. *Horace Gould.*" And at the same time *Hankerson* gave *Gould* a writing of this tenor. "This may certify that the money I paid *Horace Gould* is for his separate benefit, and not for *William C. Fuller's* and his together. *March* 6, 1839. *Asa H. Hankerson.*"

The plaintiff requested the Judge to instruct the jury, that the plaintiff was entitled to recover of the defendant the other half of the amount which had been paid by him with interest from the time it was paid. The Judge declined to give this instruction, and among other things did instruct them, that if all of the indorsements upon the back of said note were paid from the funds of *Hankerson,* and if defendant had paid on the note no more than he had received from said funds, then the plaintiff would be entitled to recover of the defendant only one half of such sum as should remain, after deducting from the amount paid by him all the moneys which he had received in payment for his part of the note on *March* 6, 1839, with interest on the same from the date of the writ, this being one half the actual loss which the plaintiff had sustained. The jury found a verdict for the plaintiff, assessing the damages at $12,72.

The plaintiff filed exceptions to the instructions, and to the refusal to instruct.

*May,* for the plaintiff, contended, that the instruction was wrong in saying that the defendant was entitled to the benefit of one half the amount received by the plaintiff of the principal, *March* 6, 1839. This was not the case of one surety receiving indemnity from the principal, which enures for the benefit of all. The payment was made after this relation had been extinguished by a payment of the note by the plaintiff as a surety. The defendant became the debtor to the plaintiff for one half and was to look to the

principal for it. The only remedy for the plaintiff for the other half was on the principal, and it was paid specially as such. On a fair settlement with the defendant by the principal, nothing might be due. A release takes effect only according to the intention of the parties. *Holland* v. *Weld*, 4 *Greenl.* 255.

The surety is entitled to interest on any advances he is compelled to make, as such. 1 *Pick.* 118; 5 *Cowen,* 596; 9 *Pick.* 368; 14 *Mass. R.* 455; 17 *Mass. R.* 169.

*E. Fuller*, for the defendant, submitted the case without argument on his part.

The opinion of the Court was by

Weston C. J. — Where one of several co-sureties, receives security or moneys from the principal, the whole enures to the benefit of all the sureties. It has the same effect, as if so much had been paid by the principal himself to the creditor. Until an adjustment is made, whatever indemnity or payment one receives, he must account for with his co-sureties. So the law was laid down by *Jackson J.* in *Bachelder* v. *Fiske et al.* 17 *Mass. R.* 464. To the same effect are the cases of *Messer* v. *Swan,* 4 *N. H. R.* 481, and of *Low* v. *Smart,* 5 *N. H. R.* 353. In *Messer* v. *Swan* it was held that in general, whatever payment one surety may receive from the principal, shall enure to the benefit of all. It was however there intimated, that where payment has been made, and the matter of contribution has been adjusted, each may look to the principal for a reimbursement of his share, on his separate account.

In the case before us, the plaintiff, in *Oct.* 1838, paid the balance of the whole debt, for which the defendant stood equally bound. This gave him a right to call upon the defendant for the one half of this sum, and for the other his remedy was against the principal. And it ought not to be impaired, by the neglect of the co-surety to pay his just proportion. When the whole of the obligation, for which both were liable, was discharged, the plaintiff's claim for reimbursement against his co-surety and the principal, each for one half, became fixed.

This should give to him all the rights which would result from an actual adjustment between the parties. It is in fact an adjustment, which the law makes, arising from the equity of the case.

Gould *v.* Fuller.

The claim for contribution, depends upon a doctrine purely equitable. Hence it is not enforced in favor of one surety against another, who became such at his request. *Turner* v. *Davies*, 2 *Esp. R.* 478. So if one surety actually pays, we do not feel the force of the equity, which would suspend his right to receive for his several benefit a reimbursement of one half from his principal, until it might suit the convenience of his co-surety to make contribution, or until he might be compelled to do so by an action at law. It would be withholding from a vigilant surety, in favor of a negligent one, an advantage to which he is well entitled.

If the paying surety subsequently receive a sum of money from the principal, not claimed or specifically paid for his several reimbursement, it might enure to the joint benefit of himself and his co-surety. But if payment is paid and received, as it was here, to restore to him what the principal alone, and not the co-surety was bound to refund, it is only carrying out an adjustment, which the law imposes, and we perceive no good reason why the liability of the negligent surety should be thereby diminished. In our opinion the instructions requested of the presiding Judge should have been given.

*Exceptions sustained.*