Ruffin, C. J.
 

 The Court is of opinion, that the jury was not properly instructed. It seems clear that the plaintiff was entitled to recover the whole of the sum received from Lee by the defendant. It is a fund provided by the principal for the payment of his debt^ which
 
 *58
 
 the defendant undertook to pay on it, and did not, but left the plaintiff to pay the whole debt. It is true the plaintiff had before received from the principal a sum nearly, if not quite, sufficient to discharge the debt, and that he received it for that purpose ; and it was insisted for the defendant, that, as between the plaintiff and him, the debt was to be considered as paid from the time the plaintiff received that fund, and, therefore, that the plaintiff could not recover any thing, unless it might be one half of the excess, if any, of the amount due on the note to Pelletier over that due on the note of Hall to Lee. Although that might have been the result, had the case stood on the first transaction between Lee and Hall, yet it cannot be admitted, when that and the subsequent transactions are considered together. For, though it may be true, that Lee and Hall, after appropriating the money in Hall’s hands, to the debt to Pelletier, could not change its destination, to the prejudice of the defendant, yet before it was paid to Pelletier, it was certainly competent to them to deal with it as suited themselves, as far as such dealing did not affect the interest of third persons. Now, the agreement to divert to other purposes a part of the fund held by Hall could not prejudice the defendant, if its place was supplied by the deposit of an equal fund in his own hands. To the extent of the sum received by the defendant, the agreement for applying a part of the debt of Hall to the satisfaction of other debts for which he was bound, was rendered a just and proper agreement, and the plaintiff did, and could do, no wrong to the defendant in so applying that part. That left in his hands, applicable toPelletier’s debt, $128 20, less than he paid on it, and he might have his action against Lee therefor; and as the plaintiff cannot effectually recover against him, this action lies against the defendant, who received that sum for this debt, and cannot in conscience, and ought not in law, to keep it.
 

 
 *59
 
 But the Court is further of opinion, that the recovery was right in respect only of that sum of #128 20, and beyond that is erroneous.
 

 Before the Act of 1807, the remedy between co-sureties was in equity only. That act does not enlarge the rights of the surety who pays the debt, nor deprive the co-surety of any just grounds of defence, which would before have been available to him. It was intended merely to change the jurisdiction, or, rather, to enlarge that of the Courts of law: not upon any arbitrary principle, but, for the amendment of the law, giving a less expensive and more expeditious remedy by action, in addition to that given in equity. As far as the jurisdiction is concurrent, the right of recovery and of defence should be the same in both Courts. It has been held, indeed, that, from the necessity arising out of the imperfection of the jurisdiction of a Court of law, the Act cannot be extended to the complicated case of the insolvency of one or more of the sureties, when they exceed two, but that it restricts the recovery to an aliquot part of the debt, according to the number of the sureties,
 
 Powell
 
 v.
 
 Matthis,
 
 4 Ired. 83. It does not, then, carry the legal to the extent of the equitable remedy, in some cases. But, in no case was it meant to cany it further, so as to make one surety responsible to another in an action at law, when there would not be a decree against him in equity. Indeed, the Act expressly adopts one of the most important principles if equity respecting the recourse of one surety on another ; which is, that it shall not be had unless the principal be insolvent ; and by providing, that the plaintiff may recover a just and rateable proportion of the sum paid by him, leaves it to the Courts,under the particular circumstances, to determine, what that is, upon the principles of right and justice. Of course, the construction must be, that the Act had reference to those known principles, which had before been applied between parties standing in this relation; and the action is therefore to be treated as an
 
 *60
 
 equitable one, in which nothing can be recovered but what
 
 ex equo et bono,
 
 the defendant ought to pay, as far as his defences are, in their nature, examinable in a Court of law.
 

 Having arrived at the foregoing conclusion, it is not difficult to adjust the right and liabilities of these parties. The relief between co-sureties in equity proceeds upon the maxim, that equality is equity ; and that maxim is but a principle of the simplest natural justice. It is a plain corollary from it, that when two or more embark in the common risk of being sureties for another, and one of them subsequently obtains from the principal an in-demity or counter-security to any extent, it enures to the benefit of all. The risk and the relief ought to be coextensive.
 
 Moore
 
 v.
 
 Moore,
 
 4 Dev. 358.
 
 Gregory
 
 v.
 
 Murrell,
 
 2 Ired. Eq. 333. To the extent of the fund in Hall’s hands, and applicable to it, the debt to Pelletier is to be considered as discharged, as between these parties, and the plaintiff with that sum in his hands, ought not to raise the money from the defendant.
 
 Kerns
 
 v.
 
 Chambers,
 
 3 Ired. Eq. 577. If, therefore, there had been only the first agreement between Hall and Lee, it is clear the plaintiff could not recover in respect of as much of the mopey paid by him, as his own debt covered. It is next to be considered whether the second agreement between those persons altered the rights of the present parties, as between themselves. The opinion has been already given, that the defendant by receiving effects from Lee rendered himself liable,
 
 pro tanto,
 
 for the debt to Pelletier, and to an equal extent put it in the power of Lee and Hall to appropriate the fund held by Hall to other purposes. But the agreement between Lee and Hall could
 
 not per se
 
 have that effect, nor bind the present defendant farther than, by his own consent or act, he should bind himself. As far as it affected their own interest, Hall and Lee were competent to make the arrangement they did. But they were not competent to make it, as far as it affected
 
 *61
 
 the defendant, without his concurrence. It is to be recollected, that the indemnity, as soon as it was obtained, enured to the benefit of both sureties. It was precisely the same as if it had been expressly declared to be for their joint benefit. If it had been so declared, no one would argue, that one of them could deal with it to his own advantage, and to the prejudice of the other, without consulting him. ■ It was held in
 
 Kerns
 
 v.
 
 Chambers,
 
 that the co-surety had the right to be consulted, and that the other, by holding up the security unreasonably, and for his own purposes, without the assent of the former, made the security his own, and could not proceed to sell the co-surety’s property. The surety, who gets a counter-security into his hands, is, in respect to a remedy against a co surety, exactly on a footing with a creditor, who gets an additional security, in respect of his remedy against a surety for the debt. The same reasoning applies equally to both. Giving a collateral security upon the property of the principal, devotes that property to the payment of the debt, and the surety has an interest in it immediately, as well as the creditor ; and it follows, that the creditor cannot wilfully discharge it, or deprive a surety of the benefit of it, even for the purpose of letting in another debt of his own.
 
 Cooper
 
 v.
 
 Wilcox, 2
 
 Dev. and Bat. 90.
 
 Nelson
 
 v.
 
 Williams,
 
 Id. 118.
 
 Smith
 
 v.
 
 McLeod,
 
 3 Ired. Eq. In like manner one surety, who gets an indemnity, is a trustee for a co-surety, and cannot1 deal with the fund to his prejudice without his consent. These cases are like all others, in which one man under- ¡' takes to dispose of the property of another. He cannot do it without the owner’s authority. Upon these equitable principles, it is clear, the plaintiff ought not to recover more than the defendant is liable for in respect of the sum received by him from Lee.
 

 Those equitable principles have been already incorporated into the law of this case by an adjudication in an action founded on the statute.
 
 Fagan
 
 v.
 
 Jacocks,
 
 4 Dev.
 
 *62
 
 363. The principal, there, made an assignment of
 
 effects
 
 in trust to indemnify the plaintiff, and upwards of half the debt was discharged by the proceeds of those effects ; and then the plaintiff, having been compelled to pay a part of the residue of the debt, brought his action against his co-surety, to recover back what he had paid, although the defendant had paid more of the residue than the plaintiff had. It was held, on these grounds, that the plaintiff could not recover ; because the sum raised out of the effects assigned was not, within the meaning of the law, paid by the plaintiff, but by the debtor himself, and discharged the debt,
 
 pro tanto,
 
 in exoneration of all the sureties. Indeed, when one attentively considers the act, it is apparent upon its own terms, without invoking the doctrine of equity, that each of these sureties is entitled to> the benefit of the fund in the hands of the other, as far as it is necessary to his indemnity. For, how can this plaintiff allege that Lee was insolvent, and for that reason that he was obliged to pay this money, and cannot recover it back, when, in fact he has securities belonging to the principal to the value of the debt. When the act speaks of the insolvency of the principal, which creates the right of contribution between his sureties, it does not mean a general insolvency, whereby the principal may be unable to pay all his debts; for that does not concern the sureties for a particular debt, provided the principal pays or secures that debt. As far as he pays or secures the debt for which they are bound, he cannot be called insolvent within the sense of the Legislature, so as to give one of the sureties an action against the other. But, here, the case is simpler, than if the principal had provided collateral securities for the indemnity of his sureties. It is as simple as it can be: being a case, in which money was put into the hands of one, and effects of a certain value sold to the other, and engagements given by them to pay those several amounts on the debt, for which they were bound. To those amounts the plain
 
 *63
 
 tiff, and tbe defendant respective^, thereby became the real debtors, as between themselves, and therefore,
 
 pro tanto,
 
 the one ought not to recover from the other.
 

 Per Curiam. Judgment reversed, and
 
 venire de nove.