Pearson, J.
 

 We consider the principle well settled, that where a term of office is for more than one year, the bonds given, for a proper discharge of the duties of the office, at the time of appointment, and the new bonds given from time to time afterwards, are cumulative— that is, the first bonds continue to be a security for the discharge of the duties, as at first intended, and the new bonds become an additional security for the discharge of such of the duties, as have not been performed at the time they are entered into.
 

 This principle is deduced from two considerations. The new bonds are not required for the relief of the sureties upon the first bonds, but are taken for the benefit of those,
 
 *72
 
 who may be concerned in the proper discharge of the duties of the office ; and when the office is to continue for more than one year, it was presumed that the bonds, taken at first, might become insufficient from the insolvency of the sureties or other causes; hence the Legislature took the precaution to require new bonds to be given from time to time, and the Courls, in order to give effect to the intention of the law-makers, consider the new bonds not as taking the place of the old ones, but as additional thereto.
 

 Bell
 
 v.
 
 Jasper, 2
 
 Ire. Eq., and other cases settle this principle as to the bonds of guardians.
 
 Oats v. Bryan, 3
 
 Dev. 451, settles this principle as to the bonds of Clerks. The same principle is applicable to the bonds of Sheriffs. We presume, the question would not have been raised, but for the fact, that formerly sheriffs were appointed' annually,' and then their bonds were not cumulative, for each appointment was a new office, and the sureties of one year were no more bound for the duties of a former year, when the same man was appointed a second time, than if another person had received the
 
 appointment; bat
 
 when the law was changed, so that the sheriffs are elected for two years, and are required to renew their bonds annually, then the principle of cumulative bonds clearly applied. When there is the same reason, there is the same law.
 

 The counsel for the defendants attempted to take a‘ distinction, between bonds, like the present, given at the expiration of the first year, for the collection of County,poor, and school faxes, and the then bonds of a sheriff'; insisting that bonds, like the present, are prospective — ■ that this bond, given in August 1847, was a security for the taxes collected in 1848, and the bond, given in August 1846, a security for the taxes collected in 1847.
 

 We are unable to see any ground for this distinction. The principle, which has been established, is, that the
 
 *73
 
 new bonds are additional securities for the discharge of all such duties as have not been performed at the time they are entered into, as well such as have been commenced, but are not completed, being “in
 
 fieri,”
 
 as those which have not been entered upon. In this case the duty of collecting, receiving and accounting for the taxes collectable in 1847, had been commenced, but was not completed, and it falls within the words of the bond, and within the principle above announced.
 

 The defence of a former judgment is wholly untenable. The parties, in this action, are not the same — the bond is not the same
 
 ;
 
 and, by the case agreed, the damages, to be recovered in this action, are not the same with those, recovered in the other action, being merely the excess above what is covered by the former judgment, so that even if that judgment had been
 
 satisfied,
 
 there would be no bar.
 

 Per Cubiam. Judgment affirmed.