### A. B. Tabor v. F. M. Cockrell.

(No. 6766.)

Error from Dallas County.    Opinion by Willson, J.

McCormick & Spence, counsel for appellant.

Bookhout & Culberson, counsel for appellee.

§ 126. *Sureties; contribution between; not enforced unless principal is insolvent, etc.* Plaintiff in error, together with defendant in error and others, signed a note as sureties for the sum of $5,000, executed by the Texas State Fair Company. When the said note fell due, the principal failing to pay the same, the sureties paid it; plaintiff in error paying $555.55, and the other sureties paying $625 each. After said note had been paid by the sureties, certain real estate belonging to the Texas State Fair Company was sold, and the defendant in error became the purchaser thereof for the sum of $55,000. In paying for said real estate, defendant in error put in the $5,000 note paid off by said sureties, and interest thereon, as so much cash; thus receiving back the whole amount of the money paid out by the sureties in discharging said note, together with interest thereon. Plaintiff in error, upon the above state of facts, brought this suit to recover from defendant in error said sum of $555.55, which, as surety upon said note, he (plaintiff in error) had paid; also claiming interest thereon. He set forth the facts

above stated, fully and formally, in his petition. Defendant in error presented a general demurrer to the petition, which the court sustained, and the suit was dismissed.

It is not urged in the petition that the Texas State Fair Company, the principal in said note, was insolvent, nor does the petition show any other reason why plaintiff in error could not collect from said company the money paid out for it by him on its said note; nor is it alleged that any effort whatever on the part of plaintiff in error had been made to collect said money from said company. We are of the opinion that, in order to entitle plaintiff in error to maintain this action, it devolved on him to allege and prove that because of the insolvency of said company, or other cause, he could not by reasonable effort and diligence compel said company to refund the money he had paid out for its use.

By the weight of authority, it seems to be settled in equity that a surety cannot compel a contribution by a co-surety unless it appears that the principal is insolvent, or that due diligence has been used, unsuccessfully, to obtain from him the amount claimed. [2 Wait, Act. & Def., p. 247; 4 Amer. & Eng. Enc. Law, p. 4, note.] Such being the rule, the petition in this case fails by its allegation to show any cause of action against defendant in error, and the general demurrer was therefore correctly sustained, and, plaintiff in error declining to amend, his suit was properly dismissed.

§ 127. *Sureties; become independent creditors of principal, when.* In support of the correctness of the ruling and judgment of the court below, counsel for defendant in error submits the further proposition that, when the note of the principal had been paid in equal proportions by the sureties, the equities between said sureties ceased, and each became an independent creditor of the principal for the amount paid by him; and that, such being the case, although the defendant in error thereafter received

back the full amount of said note, as alleged in the petition, plaintiff in error was not entitled to any part thereof. This proposition is well supported by authority, and is no doubt correct. [Brandt, Sur., § 237, citing Messer v. Swan, 4 N. H. 481; Harrison v. Phillips, 46 Mo. 520; Gould v. Fuller, 18 Me. 364.]

June 7, 1890.                                      Affirmed.