COMMISSIONERS OF McDOWELL COUNTY v. NICHOLS.

(Filed December 16, 1902.)

PRINCIPAL AND SURETY—*Sureties—Public Officers—Contribution—Indemnity Bonds.*

One who is about to become a surety with others may stipulate with the principal, without the knowledge of the other sureties, for a separate indemnity for his own benefit.

ACTION by the Commissioners of McDowell County against R. L. Nichols and others, heard by Judge *W. A. Hoke* and a jury, at August Term, 1902, of the Superior Court of McDowell County. From a judgment for the plaintiffs, the defendant W. A. Conley appealed.

*S. J. Erwin,* for sureties on bond except Conley.
*J. T. Perkins,* for the defendant Conley.

MONTGOMERY, J. The defendant R. L. Nichols, as Sheriff of McDowell County, executed two bonds to the State of North Carolina, conditioned for the collection and settlement of all the public taxes. One of the bonds was dated the 31st of August, 1899, and the other one was dated the 31st of August, 1900. Both bonds covered one and the same term of office, and certain of the other defendants executed the first bond as sureties, and certain of the other defendants executed the second bond. Nichols, the Sheriff, made default in the settlement of the first year's taxes, and was in default at the time of the execution of the second bond—the renewal bond. The Commissioners of the county brought suit for the amount of the deficiency against the sureties on both bonds. The pleadings having been filed, the cause was referred to Edmund Jones to take and state an account of the questions of law and fact arising upon the pleadings. The sureties on the last bond, that of 1890, raised no question as to their liability equally with the sureties on the first bond in their answer. The referee decided that they, as a matter of law, were so bound, and no exception was entered. *Poole v. Cox,* 31 N. C., 69; 49 Am. Dec., 410; *Oats v. Bryan,* 14 N. C., 451; *Coffield v. McNeill,* 74 N. C., 535. It appeared before the referee that, on the 31st day of August, 1899, Nichols, the Sheriff, executed a deed of trust to D. E. Hudgins, as trustee, to indemnify W. A. Conley, one of the sure-

ties on the bond of 1899, against loss on account of his liability as bondsman, and that Conley refused to sign the bond until the indemnity had been given; that he signed it on the 5th of September, 1899, when the Commissioners received and approved it, and that the bond had been signed by the other sureties on the last mentioned date. There was no evidence that the sureties had any knowledge of the indemnity given to Conley at the time it was given, or before they had executed the bond. The amount realized from the sale of the property by Hudgins, trustee, was $2,614.59, which has been paid to the plaintiffs. In adjusting the liabilities of the co-sureties amongst themselves, the referee held, as a matter of law, that each of them on both the bonds was entitled to share in the benefit of the payments made by the trustee, upon his payment of his proportionate part of the recovery against the principal and sureties. The defendant Conley excepted to that finding of the referee, and, upon the confirmation of the report by the Court, he entered the same exception.

The doctrine of contribution among co-sureties does not arise by contract between them, but it grows out of an equitable principle—the principle that equality is equity among persons who stand in the same situation. Does the defendant Conley stand in the same situation as do the other co-sureties? If he does not, then the principle above stated does not apply, "for equality among persons whose situations are not equal is not equity." Do Conley and the other sureties, then, occupy the same and equal situation? The answer to the question depends upon whether or not one who is *about to become* a surety with others can stipulate with the principal, without the knowledge of the other sureties, for a separate indemnity for his own benefit, primarily. We believe it can be done, and that it can not be reached and applied to the equal benefit of all the sureties, unless it was procured through fraud, or

unless it can be shown that although it was executed for the benefit of one alone, yet it was intended for the benefit of all. The true principle underlying this question is stated with great clearness in the case of *Hall v. Robinson,* 30 N. C., 56, where the Court said: "The relief between co-sureties in equity proceeds upon the maxim that equality is equity; and that maxim is but a principle of the simplest natural justice. It is a plain corollary from it that when two or more embark in the common risk of being sureties for another, and one of them subsequently obtains from the principal an indemnity or counter-security to any extent, it enures to the benefit of all. The risk and the relief ought to be co-extensive." And in each and all of the cases in our Reports (and they are numerous) where the principle is upheld and the indemnity applied to the common benefit of all the sureties, the indemnity was procured subsequently to the execution of the obligation. In the case before us, the *risk* was never a common one between Conley and the other sureties. Before he had any relation or connection with the other sureties, and before he would assume any responsibility, he stipulated with the principal for a separate indemnity. When Conley signed the bond, he had already stipulated for separate indemnity; and the other sureties have no right to complain of an act of precaution which they might have availed themselves of and to reach the benefit of that indemnity, provided it was executed in good faith, or unless they showed that it was intended for the benefit of all, which they could have shown, if it had been true, in an equitable proceeding as this was. The equitable doctrine ought not to be extended so far as to reach the matter of indemnity stipulated for before the relation of co-surety exists. Until that relation is brought about, the sureties have each the right to look out for his own separate indemnity; afterwards, the procuring of indemnity is and ought to be for the common benefit, on the principle men-

tioned in this opinion. And this has been decided by this Court in the case of *Long v. Barrett,* 38 N. C., 631. Ruffin, C. J., for the Court, there said: "As one, when he is about to become a surety with others may stipulate for a separate indemnity from the principal to him, and the co-sureties would be only entitled to a surplus after his reimbursement. *Moore v. Moore,* 11 N. C., 358; 15 Am. Dec., 523. So there can doubt that after two persons have become sureties for a common principal, they may, by agreement between themselves, renounce their right to take benefit from any securities they may respectively obtain, and each look out for himself exclusively for an indemnity from the principal, or for contribution from another co-surety."

