W. H. LATHAM, Appellant, v. S. BREWER, et al., Respondents.

Kansas City Court of Appeals, May 5, 1919.

1. SURETY: Co-Surety: Indemnity Taken Before Relationship Exists. 'A surety on a bond who takes an indemnity from the principal before the obligation is executed, may use such indemnity to protect himself alone and it does not inure to the benefit of those who subsequently became co-sureties.

2. ———: **Indemnity Taken After Relationship Ceases.** If one of several co-sureties receives indemnity from the principal after his rights and obligations have been adjusted with his co-sureties, he may use such indemnity to reimburse himself and the co-sureties are not entitled to share it.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED.

*John D. Taylor* for appellant.

*Roy W. Rucker* for respondents.

ELLISON, P. J.—There is a somewhat involved statement giving the history of the litigation which has resulted in the present appeal by the plaintiff from a judgment in the trial court in favor of defendants. But it all comes, in substance, to this; Plaintiff and defendants Brewer and Bell were cosureties on one Cooper's bond as curator of the estate of his grandchildren. Cooper became insolvent and died indebted to his wards. In an agreed statement of facts it appears that before the bond was signed by plaintiff as surety he demanded and received from Cooper the assignment of a life insurance policy; that he then signed the bond and afterwards it was signed also by defendants Brewer and Bell, without knowledge of plaintiff's indemnity. Out of the proceeds of the life policy plaintiff paid more than his third of the liability on the bond. A balance was due one or more of the wards of $983.88, to the liquidation of which plaintiff paid $327.96 and Brewer and Bell each a like sum. Plaintiff, insisting that he had already paid from his insurance policy indemnity more than his share of the total liability on the bond, brought this action against defendants for said sum of $327.96. The judgment in the trial court was for the defendants.

The sole question presented is whether plaintiff held the insurance indemnity for his individual pro-

tection, or did it inure equally to the benefit of defendants as his cosureties? It is important to observe that plaintiff received the assignment of the life, policy as his individual indemnity *before* the bond was executed by defendants as his cosureties, for upon that fact the decision of the case turns.

It is said in 1 Brandt on Suretyship, sec. 279, that while the rule of contribution between cosureties may be enforced at law, yet it is founded on equitable principles; and that from the fact of becoming cosureties, they mutually became bound to each other to divide and equalize any loss that may arise therefrom to each other. From which it follows: "that persons subject to a common burthen, stand in their relation to each other, upon a common ground of interest and of right, and whatever relief, by way of indemnity, is furnished to either, by him for whom the burthen is assumed, inures equally to the relief of all the common associates." [Miller v. Sawyer, 30 Vt. 412, 417.]

But that rule only finds application between persons who are under the relationship of cosureties at the time an indemnity is given. For if one *about* to become a surety exacts an indemnity from the principal, no fraud appearing, no interest in such indemnity inures to other sureties who became such after the indemnity has been given to the first. [Commissioners v. Nichols, 131 N. C. 501; Scribner v. Adams, 73 Maine, 541, 550.] The reason is that when the indemnity was taken there was no trust relationship between the person indemnified and others who subsequently became sureties. In other words, there is then no *co*-suretyship, and therefore no trust, or other obligation, is broken.

This rule applies where the cosuretyship has ceased as well as before it has begun. For it has been ruled that *after* a loss to the sureties and an adjustment had between them, any of them may rightfully seek individual indemnity from the principal, in which the former cosureties cannot share. [Harrison v. Phillips, 46 Mo. 520, 525; Hall v. Cushman, 16 N. H. 462, 463; Gould v. Fuller, 18 Maine 364: Sheldon on

Subrogation, sec. 148; 1 Brandt on Suretyship, sec. 299.]

While authority is abundant on the proposition that where one during the relationship of cosurety takes indemnity to himself it will inure to the benefit of his cosureties, counsel state they have not been able to find any precedent in this State on his right to preserve to himself an indemnity taken before the cosureties became such. We find where the proposition is supported in a negative way in McCune v. Belt, 45 Mo. 174, 179, where the rule is stated "that if one of several cosureties *subsequently* takes a security from the principal for his own indemnity, it inures to the benefit of all the sureties." (Italics ours). The rule is stated in the same qualified way in 1 Brandt on Suretyship, sec. 294.

Defendants have cited Gibson v. Sheehan, a case decided by the Court of Appeals for the District of Columbia and reported in 28 L. R. A. 400; but that is a case where the surety obtained indemnity after the bond was executed by him and his cosureties. Two English cases are cited therein (Steel v. Dixon, L. R. 17 Ch. Div. 825 and Berridge v. Berridge, L. R. 44 Ch. Div. 168), but in each of those also the indemnity was given after the parties became cosureties. The cases therefore do not meet the facts before us.

We have found but one case: Cannon v. Connaway, 5 Ch. (Delaware) 559, 567, opposed to the views we have stated. It being there held that it was of no importance in the application of the principle, whether the indemnity was given before or after becoming a cosurety. The case seems out of harmony with the weight of authority.

Defendants have filed with their brief what purports to be a copy of the Curator's bond, discovered since the case was appealed, in which though appearing to be dated on the——day of September, 1898, there is appended a notary certificate that it was "signed and executed" in his "presence the 20th day of February, 1899." It is claimed that that date is prior to the

date the indemnity was given to plaintiff and that therefore the relationship of cosureties existed when plaintiff received it. We know of no authority to justify us in recognizing this purported copy. We must accept the facts as agreed upon and made a part of the bill of exceptions.

The foregoing considerations lead to the conclusion that plaintiff should have prevailed in the trial court. The judgment will therefore be reversed and the cause remanded with directions to enter judgment for him for $327.96, with interest since the day he paid that sum. All concur.