Henderson, Judge.
 

 — The cases of
 
 Love
 
 &
 
 Wall
 
 and of
 
 Craythorn
 
 &
 
 Swinburn,
 
 decide not only that the order of liability arising upon the face of the transaction is the rule of this Court, as well as at law, in fixing the relation of principal and surety, and that of co-surety and supplemental surety; but that this relation may be varied by contract, whatever may be the form of the security ; for that is made
 
 diversa intuito,
 
 and that the prayer of the note may be the surety of the maker, the endorsee of the endorser, drawer or acceptor. But until this relationship is varied by evidence of such contract, the order of liability is the same here as at law, that is, such as it appears to be upon the face of the security. This seems to be admitted in argument by the Counsel for the Plaintiff, but it is insisted that the very* circumstance of its being known to the Defendant that the Plaintiff’s intestate, one of the makers, was not a
 
 *179
 
 principal in the note, but only a surety for
 
 Tlelme,
 
 created of itself this agreement of mutual liability between the maker and endorser, without any actual communication between them, and in fact that this was so strongly the case, that no understanding of the Defendant to the contrary, in the absence of the Plaintiff’s intestate, and without his knowledge, could control or vary it. This is certainly extending the doctrine farther than the principle will warrant. It is binding a person not only without his consent, but in opposition to it, and where no fraud is imputed to him; it is placing him in agrade and order of liability, which is in accordance with neither his
 
 act
 
 nor his
 
 intent,
 
 and this without tiie least imputation of fraud. This case certainly is distinguishable from the case of
 
 Craythorn
 
 &
 
 Swinburn.
 
 There the surety became hound, or was willing to become bound with his principal. He did not, and could not understand that any other person was to be bound as co-surety with him. In this case it is probable that
 
 Smith
 
 the maker, might have understood and believed, that the Defendant would be equally bound with him, as the note could not be discounted without his agency; but if he did, this could not create an obligation on the endorser without his assent, and without fraud. His (the intestate’s) understanding alone, would not change the operation of law upon the transaction. It required also the assent of the endorser, or that he should be guilty of some fraud, to subject him. To do so in this case, would be to subject him in opposition to the manner in which he bound himself, viz. the form of the security, and also in opposition to wdiat he intended to do, according to his declarations at the time of endorsing.
 

 Per Curiam.
 

 — Dismiss the Bill with costs.