On 16, 1906, Joab Burch and L. R. Burch executed a note, of which the following is a copy:
$1,000. DURHAM, N.C. 16 July, 1906.
One hundred and twenty days after date we promise to pay to the order of The Citizens National Bank of Durham, at Durham, N.C. one thousand and 00-100 dollars. Negotiable and payable at The Citizens National Bank of Durham, at Durham, N.C. for value received, etc. JOAB BURCH, L. R. BURCH.
Across the back of this note is written the words "J. W. Smith, surety."
The court submitted these issues:
1. Are the defendants, Mollie F. Burch, administratrix of Joab Burch, L. H. Burch, and J. W. Smith, indebted to the plaintiff in the sum of $1,000 and interest, as alleged in the complaint? Answer: Yes.
2. Is the estate of Joab Burch insolvent? Answer: Yes.
3. Is L. R. Burch a surety on the note sued upon? Answer: Yes.
4. Did defendant J. W. Smith know, at the time he indorsed the note, that L. R. Burch was surety? Answer: No.
From the judgment rendered, declaring him a cosurety with L. R. Burch, the defendant Smith appealed.
According to the facts as found by the jury at the time the note was presented to appellant for indorsement as surety, it contained the names of Joab Burch and L. R. Burch as principals, and Smith indorsed the same on its back as surety for them as principals, *Page 230 
having no knowledge that Joab Burch and L. R. Burch were other than principals, or that the defendant L. R. Burch bore any relation to the note other than as a coprincipal with Joab Burch. The form (318) of the note justified Smith in supposing that the two Burches were borrowing the money jointly, and were jointly liable for it as coprincipals, and that he was contracting as surety for the two, and not for the one. One who signs in form and appearance as a principal and maker of a note is bound as such to all persons who subsequently deal with the paper without knowledge of his true relationship to it. It is entirely competent for one person to become surety for other sureties, or to limit the extent of his liability with respect to other sureties. The test of liability is the intent of the parties as indicated by their agreement. There is no finding as to any agreement here which warranted the court in holding Smith other than as he is bound by the face of the instrument he signed, and, according to that, he is bound as surety for the two apparent principals.
A person dealing with a negotiable instrument has a right to act upon it as it appears upon the face of it. Daniel Negotiable Instruments, 311. This is also the doctrine laid down in Cragin v. Lovell, 109 U.S. 194. In order to constitute the appellant Smith a cosurety with the defendant L. R. Burch, there must have been a mutual understanding between the parties to that effect. Smith v. Smith, 16 N.C. 173; Cowan v. Baird, 77 N.C. 201;Bulkeley v. House, 62 Conn. 459; Thompson v. Sanders, 20 N.C. 541;Dawson v. Petway, 20 N.C. 531; Sayles v. Sims, 73 N.Y. 552; Sherman v.Black, 49 Vt. 198; 1 Brandt on Suretyship (2 Ed.), sec. 260. According to these authorities, it is plain that his Honor erred in holding the appellant as a cosurety with L. R. Burch.
The cause is remanded, with directions to modify the judgment rendered in accordance with this opinion.
The costs of this Court will be taxed against L. R. Burch, the appellee.
Modified.
(319)