### J. W. PERRY COMPANY v. TAYLOR BROS. ET AL.

(Filed 30 September, 1908.)

**Negotiable Instruments—Endorser—Dishonor—Notice—Discharge.**

A person, not otherwise a party, placing his name in blank on the back of a negotiable note before delivery, unless he clearly indicates by appropriate words his intention to be bound in some other capacity, is liable as an endorser, and discharged therefrom upon failure of notice of nonpayment and dishonor at maturity. (Revisal, secs. 2212, 2213, 2219. 2239; *Rouse v. Wooten*, 140 N. C., 558, cited and distinguished.)

ACTION tried before *W. R. Allen, J.,* and a jury, at May Term, 1908, of ·GREENE.

Plaintiff appealed.

*L. V. Morrill* and *C. B. Aycock* for plaintiff.
*Jarvis & Blow* for defendants.

WALKER, J. This action was brought to recover the amount of a promissory note, made on 23 May, 1906, by B. D. Taylor and others to the plaintiff, for the sum of $2,500, with interest from its date. The defendants J. T. Bowles and A. F. Moye (appellees) endorsed the note in blank before it was delivered to the plaintiff. The note was not paid at maturity, but was dishonored. The plaintiff failed to give notice to the endorsers of nonpayment and dishonor, and they were not notified of the same until this action was commenced. The court intimated, upon the evidence, that, as plaintiff had failed to give notice of nonpayment and dishonor, the jury would be instructed to answer the issues in favor of the defendants, who were the endorsers. The plaintiff excepted, submitted to a nonsuit in deference to the intimation of the court, and appealed.

Whatever may have been the law heretofore, it is now provided, and was so provided at the time the note upon which this suit was brought was given, as follows:

"A negotiable promissory note, within the meaning of this chapter, is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer." Revisal, sec. 2334.

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Revisal, sec. 2212.

"Where a person not otherwise a party to the instrument places thereon his signature in blank before delivery, he is liable as endorser" (under rules specified in the section). Revisal, sec. 2213.

"Presentment for payment is not necessary in order to charge the person primarily on the instrument; but if the instrument is by its terms payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But, except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and endorsers." Revisal, sec. 2219.

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or endorser to whom such notice is not given is discharged." Revisal, sec. 2239.

It appears, therefore, that as the defendants placed their signatures on the back of the note, and they were not otherwise parties to the instrument, they became liable as indorsers and were entitled to notice of dishonor after its maturity. Eaton & Gilbert on Commercial Paper, sec. 108.

The case of *Rouse v. Wooten*, 140 N. C., 558, which was cited by the plaintiff's counsel, does not bear on this case, as

there the defendant was a surety, and so found to be by the jury. The only question raised in that case was whether a surety is entitled to notice of nonpayment and dishonor. We held that he is not.

The ruling of the Judge was correct.

No Error.