THE MEYERS COMPANY v. J. T. J. BATTLE.

·(Filed 24 November, 1915.)

1. Bills and Notes — Negotiable Instruments — Indorser — Presumptions — Holder—Interpretation of Statutes.

  One placing his signature on the back of a negotiable paper is deemed an indorser thereof, and under the express terms of the statute should "clearly indicate by appropriate words his intention to be bound in some other capacity," when such exists, in order for him to avail himself thereof as a defense in an action brought by a holder in due course.

2. Bills and Notes — Corporations—Treasurer — Indorser—Presentment for Payment—Dishonor—Notice.

  Where the treasurer of a corporation indorses the corporate note, payable at a certain bank, and at its maturity the corporation has no funds at the bank: *Held;* it is not necessary, in an action upon the note by a holder in due course against the indorser, that the note should have been presented to the bank for payment, or that the treasurer indorsing it, being fixed with notice of the insolvency of the maker, should have had notice of dishonor.

APPEAL by plaintiff from *Lyon, J.,* at the April Term, 1915, of GUILFORD.

Civil action tried upon these issues:

1. Did the defendant place his signature upon the notes sued on as original promisor and not as indorser? Answer: Yes.

2. Were the notes sued on properly and legally presented for payment? Answer: No.

3. Was notice of dishonor and nonpayment given to defendant, as required by law? Answer: Yes.

4. Was presentment for payment waived on the part of the defendant? Answer: No.

5. Was notice of dishonor and nonpayment waived on the part of defendant? Answer: Yes.

6. What, if anything, is the defendant due and owing the plaintiff because of the note due 6 April, 1910? Answer: $130, with interest from 6 April, 1910.

7. What, if anything, is the defendant due and owing the plaintiff because of the note due 6 May, 1910? Answer: $140.75, with interest from 6 May, 1910.

In apt time motion to nonsuit was made and renewed. His Honor reserved his judgment and submitted the issues. After the verdict was rendered, he set it aside and granted the motion to nonsuit. Plaintiff appealed.

*Brooks, Sapp & Williams for the plaintiff.*
*Thomas C. Hoyle for defendant.*

BROWN, J. This action is brought to recover of the defendant as indorser on two notes executed by the Southern Trading Stamp Company by J. T. J. Battle, payable at the Commercial National Bank, and indorsed by said Battle by writing his name across the back.

The plaintiff undertook to prove by parol evidence that defendant signed as an *original promisor* and not as an indorser. We suppose by the term "original promisor" is meant that defendant signed either as principal or surety, so as to dispense with notice of nonpayment as well as presentation in order to charge him.

We think his Honor erred in admitting such evidence. The statute (Rev., 2212, 2213) declares that a person placing his signature upon an instrument, otherwise than as a maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity. It is so held in *Perry v. Taylor,* 148 N. C., 362, and *Houser v. Fayssoux,* 168 N. C., 1.

There is nothing in or on the notes sued on which indicates that the defendant intended to be charged other than as indorser. Of course, this

does not prevent an indorser from showing that his indorsement was an accommodation indorsement or from showing the relation of indorsers as between themselves.

His Honor erred, however, in sustaining the motion to nonsuit, as well as in instructing the jury to answer the second issue "No."

There is abundant evidence that the notes were presented for payment to the maker's office and evidence from which it may be inferred that they were presented at the Commercial National Bank. There is evidence that the maker was utterly insolvent when the notes fell due and had no funds at the bank with which to pay the notes. The defendant was treasurer of the company and is, of course, charged with knowledge of that fact.

Presentment and demand at the specified bank are necessary in order to charge a drawer or indorser in the absence of some good and sufficient reason for failing to make presentment there. One of those reasons is that the maker had no funds at the bank to meet the obligation. If the maker of a note, payable at a bank, has no funds in the bank when it falls due, demand of payment there is unnecessary. *Sherer v. Bank*, 33 Pa. St., 134; 7 Cyc., 988, notes.

The judgment of nonsuit is set aside.

New trial.