ROBERSON-RUFFIN COMPANY v. J. J. SPAIN AND J. F. BULLUCK.

(Filed 21 February, 1917.)

**1. Bills and Notes—Release—Burden of Proof.**

Joint makers upon the face of a negotiable instrument are deemed to be primarily liable thereon, Revisal, sec. 2342; and in an action upon the note the burden is upon the defendants to prove any matter in release, if brought within three years.

**2. Same—Extension of Time—Notice—Statutes.**

In an action upon a negotiable instrument the defendants on its face being joint makers, the mere fact that the plaintiff had told one of the defendants, without the knowledge of the other, "that he would take up and carry the note until fall," is not an extension of payment for a "fixed and definite" period, which would operate as a release to such other from liability (Revisal, sec. 2270); whose remedy is by *quia timet* notice under Revisal, sec. 2846.

**3. Bills and Notes—Principal and Surety—Release—Trials—Evidence—Instructions.**

> When in an action upon a negotiable instrument a defendant claims that he was in fact a surety, though he thereon appears to have signed as coprincipal, and contends that he has been released from liability thereon by reason of an extension of time given his principal by the holder, and fails to introduce evidence that he, in fact, signed as surety, it is proper for the court to instruct the jury to answer the issue for the plaintiff if they believe the evidence.

APPEAL by defendant Bulluck from *Whedbee, J.,* at Special July Term of EDGECOMBE, 1916.

*W. O. Howard for plaintiff.*
*G. M. T. Fountain & Son for appellant.*

CLARK, C. J. There were two civil actions on notes, respectively for $275 and $240, begun in the recorder's court and tried on appeal in the Superior Court, where, by consent, the actions were consolidated. These notes were signed by the defendants J. J. Spain and J. E. Bulluck and were executed to Winslow Brothers for certain mules bought of them. The defendant Bulluck signed these notes as surety for Spain, but the suretyship does not appear on the face of the note. The defendant Bulluck contended that said notes were assigned by the payees to the plaintiff in purusuance of a contract between it and the defendant Spain that the notes would be held by the plaintiff until the succeeding fall, such agreement being without the knowledge or consent of the defendant Bullock. Both Spain and Bulluck are primarily liable on said notes under our Negotiable Instruments Law. Rev., 2342; *Rouse v. Wooten,* 140 N. C., 557. The defendant Bulluck having admitted the execution and nonpayment of the notes, the court correctly held that the burden was upon him to prove any matter in release. The action was brought within three years and the statute of limitations is not pleaded.

There is' no evidence of any act on the part of the plaintiff company which would release the defendant Bulluck from the notes. The defendant Spain testified that the only agreement of the plaintiff was to "take up and carry the note till the fall." There was no evidence of any binding agreement not to sue on the note for any definite period, nor that Bulluck was misled by the plaintiff and thus prevented from asserting his rights by a *quia timet* notice under Revisal, 2846. There was an expression of an intention not to force collection till the fall. There was no payment of interest in advance for a stated time, which would have been an implied promise. *Revell v. Thrash,* 132 N. C., 893. There was no express promise to release Bulluck and no agreement of exten-

sion for a "fixed and definite" period. The additional security taken by the plaintiff inured to the benefit of Bulluck and could not be to his detriment. On the face of the notes the defendant Bulluck was primarily liable, and an extension of time to Spain would not release him, in the absence of proof that he was surety. Even if Bulluck was only secondarily liable, to the knowledge of the plaintiff, he could be discharged only in one of the ways provided in Revisal, 2270, *i. e.,* by the discharge of the instrument; by the cancellation of his signature by the holder; by the discharge of the principal by the valid tender of payment by the principal; by a release of the principal, without reserving the right of recourse against the surety, or by an agreement binding upon the holder to extend the time of payment, or to postpone the holder's right for enforcement, without the assent of the surety and not reserving the right of recourse against him. The claim of Bulluck is under the last provision and is not sustained by proof, and the court properly instructed the jury if they believed the evidence to answer the issue in favor of the plaintiff.

The mere fact that the plaintiff stated that he would "take up and carry the notes," without any agreement to do so for a definite and fixed period, did not prevent the plaintiff from bringing an action nor debar the defendant Bulluck from giving a *quia timet* notice under Revisal, 2846, which was his remedy unless he chose to pay the note himself and sue the principal, Revisal, 2271. The intention thus expressed to "carry the note" was no part of the assignment by Winslow to plaintiff, but the statement of a benign purpose on the part of the assignee towards Spain for no "fixed and definite" period. The witness testified that Ruffin, for plaintiff, said "he would let me off until next fall, he reckoned. No distinct time was mentioned."

No error.