W. W. BARBER v. THE WILLIAM ABSHER COMPANY ET AL.

(Filed 22 May, 1918.)

1. **Courts—Evidence—Findings—Trials—Verdicts.**

   The findings of fact by the trial judge where a trial by jury has been waived by the parties is as conclusive upon them as a verdict upon the evidence.

2. **Bills and Notes—Negotiable Instruments—Endorsers—Dishonor—Notice —Statutes.**

   An endorser of a negotiable instrument is entitled to notice of dishonor under our statute, and upon failure to do so his liability thereon is discharged. Revisal, sec. 2239.

BARBER *v.* ABSHER CO.

**3. Bills and Notes—Negotiable Instruments—Limitation of · Actions—Payment—Endorsers.**

A payment on a promissory note to repel the bar of the statute of limitations must be made by one of the same class of liability thereon; and a payment by the maker does not continue the right of action against the endorser thereof.

**4. Same—Mortgages. ·**

Where the endorsers of a promissory note thereafter take a mortgage on the maker's lands to secure them as such, without further liability for the payment of the debt, they do not thereby change their relationship . as endorsers only, and a payment made on the note by the maker does not affect the running of the statute of limitations in the endorser's favor.

APPEAL by plaintiff from *Carter, J.,* at the October Term, 1917, of WILKES.

This is an action on a note executed by the defendant, the W. M. Absher Company, a corporation, and indorsed by the defendants, F. D. Forrester and J. H. Johnson. The Absher Company makes no defense.

The defendants Forrester and Johnson rely on the defenses of failure to give them notice of dishonor and the statute of limitations.

A jury trial was waived and his Honor found the following facts:

"1. That W. M. Absher Company, on 21 April, 1910, executed the following note to W. W. Barber, to wit:

"$800—One year after date, with interest from date, we promise to pay to W. W. Barber or order eight hundred dollars, for value received— interest due and payable semiannually.

THE W. M. ABSHER CO.   (Seal)
H. O. Absher, Pr. & Treas.

"2. That defendants F. D. Forrester and J. H. Johnson endorsed their names in blank on the back of said note before its delivery to W. W. Barber.

"3. That there was no notice of dishonor given to J. H. Johnson and F. D. Forrester.

"4. That the summons in this action was issued and delivered to the sheriff of Wilkes County on 27 July, 1915.

"5. That more than three years elapsed after the maturity of said note prior to the beginning of this action.

"6. That the maker of the above note made the following payments on the dates named as follows: $48 interest to 21 April, 1911; May, 1912, or. $48; May, 1913, or. $48; May, 1914, or. $48."

On 20 July, 1912, the Absher Company executed a mortgage to the defendants Forrester and Johnson by which was conveyed a tract of land in which there is the following provisions:

"This mortgage is given to secure the parties of the second part for endorsing a note of $1,000 executed on 20 July, 1912, by the W. M. Absher Company, payable one year after date to J. H. Carrigan, and is intended to and does cover any endorsement on renewals or substitutes in full or in part and any and all other endorsements now made or may hereafter be made by all or any one of the above named parties of the second part."

Judgment was rendered in favor of the defendants and the plaintiff appealed.

*Finley & Hendren and Squires & Whisnant for plaintiff.*
*Hayes & Jones for defendant.*

ALLEN, J. The findings of fact by the judge, a jury trial being waived, are as conclusive as the verdict of a jury (*Matthews v. Fry,* 143 N. C., 384), and we must therefore deal with the legal questions presented by the appeal, accepting as being established that the defendants Forrester and Johnson signed the note sued on as endorsers; that no notice of dishonor has been given to either of them; that more than three years elapsed after the maturity of the note before this action was commenced; that the payments on the note were made by the maker, and upon these facts it is clear that these defendants are discharged from liability on account of failure to give notice of dishonor, and that the cause of action is barred as to them by the statute of limitations, unless the acceptance of the mortgage of 20 July, 1912, changes their relationship to the debt.

The statute (Revisal, sec. 2239) provides that "notice of dishonor must be given to the drawer and each endorser, and any drawer or endorser to whom such notice is not given is discharged," and following the statute, it was held in *Perry v. Taylor,* 148 N. C., 362, that failure to give notice of dishonor discharged the endorser from further liability.

It is also settled that a payment, to have the effect of repelling the statute of limitations, must be made by one in the same class, and that a payment by the maker does not continue the right of action against the endorser.

"To give this effect to the act of one, there must be a community of interest and a common obligation among them. They must be obligors in a bond, makers of a promissory note, drawers or accepters of a bill, or joint endorsers of either. An admission, direct or involved in the act of payment by one of either class, under the same measure of responsibility, becomes the legal act of all that class, but does not revive the liability of others of a different class. Thus if one of several joint acceptors promises to pay as directed in the statute, or makes a pay-

ment, his associate acceptors are bound by what he does; but the draw-
ers are not, because there is no such common interest and responsibility
as gives legal force to the act, and so of other classes who may be bound
in like manner." *Wood v. Barber,* 90 N. C., 80.

To the same effect, see *Le Duc v. Butts,* 112 N. C., 461; *Houser v.*
*Fayssoux,* 168 N. C., 2.

In the last case the Court says: "It is true that it is well settled in
this State that a payment by the principal on a note before the bar of
the statute operates as a renewal of the debt as to himself and also to
the sureties on the note. At one time this was true as to endorsers like-
wise, as an endorser was regarded as a surety. *Green v. Greensboro*
*College,* 83 N. C., 449; *Garrett v. Reeves,* 125 N. C., 529. . . .

"While the law remains the same as to a surety, and a payment by
the principal will operate as a renewal of the debt as to the surety, who
is regarded as a maker of the note, an endorser is no longer so regarded.

"There is a broad and well recognized distinction between a surety
and an endorser, as is pointed out clearly in *Le Duc v. Butler,* 112 N. C.,
461, in which case it is said: 'Part payment of a note by the payee,
who has endorsed it, will not repel the bar of the statute of limitations
as against the maker, the statute confining the act, admission, or ac-
knowledgment, as evidence to repel the bar, to the associated partners,
obligors, and makers of a note.' "

The plaintiff, conceding these positions to be sound, contends, how-
ever, that the execution of the mortgage of 20 July, 1912, to secure the
defendants on their endorsement, has changed the status of the parties,
and that now they are principals and not entitled to notice of dishonor,
and that the payment made prevents the bar of the statute of limita-
tions, and he relies on the case of *Denny v. Palmer,* 27 N. C., 610, as
an authority sustaining this view.

We have given careful consideration to the reasoning and the decision
in the case cited, and are of opinion that it is an authority for the de-
fendants, and not against them.

In the *Denny case* Rawlins and Coleman were largely indebted to
various parties, and there were several endorsers for them on different
notes, among them the defendant Palmer. In 1837 they executed a
deed of trust to secure the payment of their debts, and in 1842 the debts
remaining unpaid, the defendant Palmer, being dissatisfied with the
delay in disposing of the trust property and with having his security in
common with so many other persons, proposed, and it was finally agreed
by the bank, Rawlins and Coleman, the trustees, and Palmer, that the
trustees should reconvey to Rawlins and Coleman certain real estate in
Danville, Richmond, and Greenbrier County, in Virginia, estimated as
of the value of $8,180, that Rawlins and Coleman should give new notes

endorsed by Palmer for the said debts (which had been suspended about five years), pay off the arrears of interest and thereafter keep active the new notes by paying the discount every 60 days, and from time to time pay installments until the debts should be fully paid; and that Rawlins and Coleman should convey the said estates and others to one William Lynn, of Danville, in trust to indemnify the said Palmer as endorser, and to secure the payment of the said notes, so to be given, and any others that might be given in renewal of them.

On the maturity of these last notes there was failure to give Palmer notice of dishonor, and upon the trial the judge presiding charged the jury "that the mere fact of the insolvency of the makers of the notes, and the further fact that the defendant had taken the deed of trust of their property as an indemnity, did not dispense with notice to the defendant of the default of the makers, in order to charge him as endorser."

This charge was affirmed on appeal, and the conclusion reached by the Court is that the acceptance of an indemnity or security by the endorser does not dispense with notice unless the endorser has, as a consideration for the security, assumed the payment of the debt. "Such an obligation (the Court says) we conceive to be the true test of the endorser's being entitled or not entitled to notice," and it was held that the endorser was discharged from liability on account of the failure to give notice, although the deed in trust was made to secure the payment of the notes on which was his endorsement, and to protect him as endorser, and this is the question now before us, as the defendants have not assumed payment of the debts except by reason of their endorsement.

No question is raised by the appeal as to the right of the plaintiff to proceed against the land conveyed in the mortgage under *Ijames v. Gaither,* 93 N. C., 358.

Affirmed.