M. B. GILLAM v. ROBERT P. WALKER AND W. C. SPRUILL.

(Filed 25 February, 1925.)

1. **Bills and Notes—Negotiable Instruments—Surety—Endorser—Agreement to Waive Notice—Statutes.**

Where upon the face of a negotiable note there is an agreement to waive notice of dishonor or an extension of time, etc., one placing his name on the back thereof is deemed to be an endorser without indication of other liability therein, and is bound by the agreement expressed in the face of the instrument waiving notice, etc. C. S., 2998 (6), 3044, 3092.

2. **Same—Evidence—Equity—Contribution—Actions.**

It may be shown by parol evidence as between one signing a negotiable note and one who has endorsed the same that the former had signed for the accommodation of the maker, and the endorser for accommodation had verbally agreed with the surety whose name appeared upon the face of the note as a joint maker, that they both were to be bound equally thereon as sureties, and under the evidence in this case, the comaker who has paid the note, may maintain his action for contribution against the one whose name appeared thereon as endorser. C. S., 3965.

APPEAL by defendant, Robert P. Walker, from *Bond, J.,* and a jury, at August Term, 1924, of BERTIE.

This suit grows out of the following note:

"$2,000.                                    RALEIGH, N. C., 18 July, 1921.

"Sixty days after date, without grace, we promise to pay the Merchants National Bank, or order, the sum of two thousand dollars, negotiable and payable at said bank, with interest after maturity, if unpaid, at the rate of six per cent per annum, payable semiannually, for value received, being for money borrowed; and the subscribers and endorsers hereby agree to continue and remain bound for the payment of this note and all interest thereon, notwithstanding any extension of time granted to the principal, and notwithstanding any failure or omission to protest this note for nonpayment, or to give notice of nonpayment or dishonor or protest, or to make presentment or demand for payment, thereby expressly waiving any protest and any and all notice of any extension of time or of nonpayment or dishonor or protest in any form, or any presentment or demand for payment, or any other notice whatsoever.

9/16                                            W. C. SPRUILL,
                                                M. B. GILLAM."

The name of Robert P. Walker is on the back of this note.

It is admitted that Robert P. Walker signed the note. This note was a renewal of notes theretofore executed, all of which, as appears from

the record, were executed in exactly a similar manner. M. B. Gillam, the plaintiff, was compelled to pay the note to the bank, W. C. Spruill having become insolvent; and this suit is brought against Robert P. Walker to contribute one-half of the amount paid by plaintiff.

The plaintiff contends that he and Walker were liable in equal degree, and that both were sureties, and that W. C. Spruill was principal on the note. The record shows that Spruill was the real beneficiary of the note.

It is contended by defendant Walker that he wrote his name across the back of the note as an accommodation endorser without any consideration to him; that the note became due 16 September, 1921. The note was not paid, and Walker was not notified of this fact until 21 March, 1922, over six months after the maturity of the note. That the plaintiff, M. B. Gillam, and W. C. Spruill executed the note jointly and were joint makers.

The following issues were submitted to the jury, and their answers thereto:

"1. Is the defendant R. P. Walker indebted unto the plaintiff, M. B. Gillam? Answer: 'Yes.'

"2. If so indebted, then in what sum? Answer: '$1,080.75, with interest on same from 10 January, 1923.'

"3. Is defendant W. C. Spruill indebted unto M. B. Gillam, plaintiff, and if so, in what sum? Answer: 'Yes, $2,161.50, with interest on same from 10 January, 1923.' "

The court below rendered judgment in accordance with the verdict. The defendant Walker excepted, and assigned error, and appealed to the Supreme Court. Numerous exceptions and assignments of error appear in the record. The material ones we will consider in the opinion, and other facts necessary for the determination of the controversy.

*Winston & Matthews and John W. Davenport for plaintiff.*
*W. L. Whitley for defendant.*

CLARKSON, J. The main questions in this suit are: (1) Were M. B. Gillam and Robert P. Walker sureties on the W. C. Spruill note, and can Gillam sue Walker for contribution? (2) Can this fact be shown by parol evidence?

The defendant Walker contends that the note speaks for itself; that Gillam is an "accommodation maker" and Walker an "accommodation endorser"; that Gillam's liability is primary to that of Walker, and that when he paid the note, he did so voluntarily in discharge of that liability, thereby discharging the note, and that he cannot now call

upon Walker for contribution; that parol evidence is incompetent to change this liability; that there is no competent evidence, upon the whole record, to show any valid agreement between Walker and Gillam, upon which to predicate the theory of joint suretyship; that, on the entire record, defendant's motion for judgment as of nonsuit should have been granted; that defendant's prayer for instruction that on all the evidence plaintiff could not recover, and the first issue, should be answered "No." After careful reading of the entire record and the authorities, we cannot so hold.

It will be noted in the present case the bank is not suing on the note. The rights of third parties are not involved. The action is for contribution between the parties to the note.

"Prima facie, an indorser of a promissory note is not a cosurety with a surety who signs the note as maker, but it may be shown by parol evidence that they were in fact cosureties. . . . It is a general rule that the true relation subsisting between the several parties bound for the performance of a written obligation may be shown by parol evidence. . . . The surety on the face of a note, and an accommodation indorser, may, as between themselves, be shown by parol to be cosureties by virtue of a verbal understanding to that effect. So, several successive accommodation indorsers of a negotiable instrument may be shown by parol to be cosureties." Brandt Suretyship Guaranty, Vol. 1 (3 ed.), pp. 562-3; *Sykes v. Everett,* 167 N. C., 600.

Mr. Brandt (page 562, *supra*) gives the reason: "The liability to contribution does not arise from contract, but from equitable principles. There is no agreement between the sureties contained in the obligation signed by them. The agreement is between the obligors and obligees. As between the various sureties, there is no written agreement; there is only an equitable presumption, raised by the fact of payment, that the sureties ought to contribute equally for the default of the principal. This equity can be rebutted by parol." *Comrs. v. Dorsett,* 151 N. C., p. 307.

C. S., 2998, subsec. 6, is as follows: "Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser."

C. S., 3044, is as follows: "A person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Whatever may have been the law heretofore, under our present negotiable-instrument law, a person placing his name on the back of a note is deemed an indorser, unless otherwise indicated. *Perry v. Taylor,* 148 N. C., 362.

C. S., 3092, is as follows: "Where the waiver is embodied in the instrument itself, it is binding upon all parties; but where it is written above the signature of an indorser, it binds him only."

In *Bank v. Johnston,* 169 N. C., p. 528, it is said: "It is well settled that a surety on a promissory note or bond is not entitled to notice of dishonor or nonpayment, but one who places his signature upon the back of a commercial paper without indication that he signed in any other capacity is deemed an indorser, and is entitled to notice of dishonor. *Houser v. Fayssoux,* 168 N. C., 1; *Bank v. Wilson,* 168 N. C., 557. This notice of dishonor may be waived by the indorser before or after the maturity of the note, by express words or by necessary implication. When so waived, notice of dishonor need not be given."

In the present case the waiver of notice of dishonor is embodied in the note; therefore, that question does not arise.

From the authorities in this State and elsewhere, we think parol testimony clearly admissible to show the agreement between Gillam and Walker upon which to predicate the relationship of joint suretyship, but defendant Walker contends that if this be true the evidence was not sufficient to establish the agreement. W. C. Spruill, the principal of the note, testified: "I spoke to R. P. Walker, in Plymouth, and he agreed to become bound with Mr. Gillam. I had not spoken to Mr. Gillam up to that time. At the time Mr. Walker agreed to become surety, he recalled to me that he had been assisted, when he started out, by a friend helping him, and said he was willing to help me if Mr. Gillam would become equally bound with him as surety. He agreed to sign if his signing would help me."

The plaintiff, Gillam, on 8 September, 1922, wrote defendant, inclosing a renewal note. Defendant testified: "This is the letter and note I received. On this note Spruill is the maker, and M. B. Gillam's name is on the back, and I refused to sign it because of the difference in place of M. B. Gillam's name." This letter read: "I am inclosing for your indorsement note of W. C. Spruill for $2,000, covering like note due Merchants National Bank of Raleigh, on which you and I are sureties," etc. Defendant denied that he was surety, but it was evidence to be considered with the other evidence that there was a mutual understanding between the parties that, although defendant indorsed the note, in fact, they were sureties.

Defendant wrote plaintiff, on 23 March, 1922, in regard to the note then in the Merchants National Bank of Raleigh. Mr. Drake was president of the bank. He said: "If Wilber (meaning Wilber C. Spruill) is unwilling or unable to do anything with Mr. Drake, it appears to me that you and I had better take a hand in the matter." This and other evidence and circumstances were sufficient to submit to the jury.

Upon proper charge by the court below, the jury, on the evidence, found that plaintiff and defendant were cosureties on the Spruill note, and answered the first issue "Yes."

One surety has the right to sue his cosurety under facts and circumstances as in this case.

C. S., 3965, is as follows: "Where there are two or more sureties for the performance of a contract, and one or more of them may have been compelled to perform and satisfy the same, or any part thereof, and the principal shall be insolvent or out of the State, such surety may have and maintain an action against every other surety for a just and ratable proportion of the sum which may have been paid as aforesaid, whether of principal, interest, or cost." *Shuford v. Cook,* 164 N. C., 46.

The case of *Bank v. Burch,* 145 N. C., p. 316, cited by defendant, is not contrary to the position taken in the present case. In that case the Court said: "In order to constitute the appellant, Smith, a cosurety with the defendant, L. R. Burch, there must have been a mutual understanding between the parties to that effect." In the *Burch case* there was no evidence that there was an agreement of cosuretyship, as in the present case.

*Meyers v. Battle,* 170 N. C., 168, cited by defendant as authority, we do not think sustains his position. In that case *Brown, J.,* says: "The plaintiff undertook to prove by parol evidence that defendant signed as an *original promissor* and not as an indorser. We suppose, by the term 'original promissor' is meant that defendant signed either as principal or surety, so as to dispense with notice of nonpayment as well as presentation, in order to charge him. We think his Honor erred in admitting such evidence. The statute (Rev., 2212, 2213, now C. S., 3044-5) declares that a person placing his signature upon an instrument, otherwise than a maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity. It is so held in *Perry v. Taylor,* 148 N. C., 362, and *Houser v. Fayssoux,* 168 N. C., 1. There is nothing in or on the notes sued on which indicates that the defendant intended to be charged other than as indorser. *Of course, this does not prevent an indorser from showing that his indorsement was an accommodation indorsement, or from showing the relation of indorsers as between themselves.*" (Italics ours.)

Mr. Page, in his treatise on the Law of Contracts (2 ed.), Vol. 4, sec. 2200, says: "Whether a contract of indorsement can be varied by contemporaneous parol agreement depends on whether it is looked upon as a complete contract. A regular indorsement—that is, an indorsement by one in the chain of title—is held in many jurisdictions to be a complete contract, and hence within the parol-evidence rule. Where

this view obtains, a parol agreement that an indorsement was without recourse, . . . or that he entered into an oral contract of guaranty, or that he was a maker, is in each case unenforceable." Mr. Page, in citing authorities in other states, refers to the cases cited by defendant. *Meyers v. Battle,* 170 N. C., 168; 86 S. E., 1034 (citing *Perry v. Taylor,* 148 N. C., 362; 62 S. E., 423, and *Houser v. Fayssoux,* 168 N. C., 1; 83 S. E., 692).

Mr. Justice Hoke, in *Bank v. Wilson,* 168 N. C., 557, at p. 560, in speaking of the negotiable-instrument law in this State, says: "On the facts as presented, it would seem to be the purpose of the statute to fix the status of this defendant as an indorser, and to exclude parol evidence to the contrary in this and all cases coming under the statutory provision, 'unless he clearly indicates by appropriate words his intention to be bound in some other capacity.' There is conflict of authority, however, as to the effect and extent of this statutory change (see Daniel on Negotiable Instruments, 6 ed., pp. 806-7, annotations by T. H. Calvert, more particularly notes 32 and 33), and we are not called on to determine the question, in this case, for the reason that the jury, under a correct charge, has found that due and proper notice has been given, and defendant is liable, therefore, whether indorser or surety."

The present case does not fall within the principle contended for by defendant in the above North Carolina cases which he cites. It will be noted that in *Meyers v. Battle, supra,* the learned judge distinctly says: "Of course, this does not prevent an indorser from showing that his indorsement was an accommodation indorsement, or from showing the relation of indorsers as between themselves." This latter principle is the one which the plaintiff relies on in this case, and which we think correct.

From a careful review of the entire record and authorities, we can find

No error.