EDWARD DILLARD v. FARMERS MERCANTILE COMPANY, Inc., W. A. EDGERTON, AND N. E. EDGERTON, ADMINISTRATOR ET AL.

(Filed 7 October, 1925.)

**1. Bills and Notes—Endorsers—Sureties—Statutes.**

The writing of one's name upon the back of a negotiable instrument makes the person liable as an endorser, nothing else appearing, C. S., 3044; but where upon the face of the note is written that the endorsers hereto are bound as sureties, it becomes a question of law for the court, though denied by the pleadings, and the liability of such persons will be that of sureties.

15—190

**2. Same—Limitation of Actions.**

> Where from the conditions stated upon a negotiable note, the endorsers sign as sureties, a payment thereon of the maker before the same is barred, suspends the running of the statute of limitations as to all within this class, C. S., 416, and a payment of the interest on the note by one of the sureties will repel the bar of the statute as to all of the sureties thereon.

APPEAL by W. A. Edgerton and N. E. Edgerton, administrator, from *Sinclair, J.,* at February Term, 1925, of NASH. No error.

Action upon note dated 28 January, 1913, due 1 January, 1914. Defendants, W. A. Edgerton and N. E. Edgerton, administrator, answering the complaint, admit the execution of the note as alleged and rely upon the plea of the statute of limitations as their defense to the plaintiff's action upon the note. Interest on the note was paid to 1 January, 1922. Issues submitted to the jury were answered as follows:

1. Is the note sued upon barred by the statute of limitations? Answer: No.

2. Are the defendants, N. E. Edgerton, administrator, and W. A. Edgerton indebted to plaintiff and if so, in what amount? Answer: $2,500 and interest from 1 January, 1922.

From judgment upon this verdict against appellants, and by default against the other defendants, the answering defendants appealed to the Supreme Court.

*Finch & Vaughan and Manning & Manning for plaintiff.*
*Austin & Davenport and S. Brown Shepherd for defendants.*

CONNOR, J. On 28 January, 1913, the Farmers Mercantile Company, Inc., executed its promissory note to plaintiff in words and figures as follows:

"$2,500.                               Selma, N. C., 28 January, 1913.

"Without grace, on the first day of January, 1914, we the Farmers Mercantile Company, Inc., as principal, and the other endorsers hereto as sureties, promise to pay to Edward Dillard, Spring Hope, N. C., twenty-five hundred and no/100 dollars, negotiable and payable with interest at the rate of six per cent per annum, payable semiannually, for value received, being for money borrowed. All parties to this note hereby agree to continue and remain bound for payment of this note and interest, notwithstanding any extension of time granted to the principal debtor, and notwithstanding any failure or omission to protest this note for nonpayment or to give notice of nonpayment or dishonor or protest, or to make presentment or demand for payment, hereby expressly waiving any protest and any and all notice of any extension of time or

of nonpayment or dishonor or protest in any form, or any presentment or demand for payment or any other notice whatsoever.

FARMERS MERCANTILE COMPANY,

"Corporate Seal.                    By WALTER G. WARD, *Prest.*"

Defendants herein, stockholders of Farmers Mercantile Company, wrote their names on the back of said note as follows: Walter G. Ward, W. A. Edgerton, G. C. Earp, N. E. Ward and N. E. Edgerton. N. E. Edgerton is dead and the defendant, N. E. Edgerton, his son, has been duly appointed as his administrator.

Interest on this note was paid annually by the Farmers Mercantile Company until 1 January, 1918. On 14 October, 1918, the Farmers Mercantile Company was duly dissolved as a corporation. Interest was thereafter paid on said note by Walter G. Ward and G. C. Earp, whose names appear on the back thereof, until 1 January, 1922. No other or further payments have been made on said note. Summons in this action was issued 7 June, 1922. Defendants allege that more than three years elapsed from the date the cause of action on the note accrued as to them to the commencement of this action; that no payment made on said note arrested the running of the statute of limitations as to them; and that therefore the action on the note as to them is barred. The contentions upon these allegations are duly presented by exceptions upon which assignments of error upon appeal are based.

Defendants present, first, for consideration their contention that they are endorsers and therefore liable only secondarily upon the note sued on; plaintiff contends that they are sureties, and therefore liable primarily as makers. *Rouse v. Wooten,* 140 N. C., 557. The effect of the payments made on the note upon the running of the statute of limitations as to defendants will be determined by their relationship to the note, and the character of their liability.

Defendants placed their names on the back of the note; they are, therefore, nothing else appearing, endorsers and liable on the note only as endorsers.. C. S., 3044. *Perry v. Taylor,* 148 N. C., 362; *Houser v. Fayssoux,* 168 N. C., 1; *Bank v. Wilson,* 168 N. C., 557; *Meyers v. Battle,* 170 N. C., 168; *Barber v. Absher Co.,* 175 N. C., 602; *Gillam v. Walker,* 189 N. C., 189; however, on the face of the note, upon the back of which defendants wrote their names, they acknowledge that they are "endorsers hereto as sureties," and thus clearly indicate by appropriate. words their intention to be bound, not as endorsers, but as sureties. Their relationship to the note must be determined by their intention at the time they wrote their names upon the note; 3 R. C. L., 1123, secs. 339 *et seq.;* nothing else appearing to indicate clearly a contrary intention, the place upon which these signatures appear on the note,

---

DILLARD *v.* MERCANTILE CO.

---

would be conclusive that they intended to become endorsers. C. S., 2998, subsec. 6; the words in the note, however, indicate clearly an intention to be bound in some other capacity than as endorsers. C. S., 3044. It must be held, in accordance with the terms of the note, that defendants are sureties and that their rights and liabilities, with respect to same must be determined by the law applicable to sureties and not to endorsers. Defendants by their answer to paragraph 4 of the complaint, do not admit the allegation that they are sureties on said note, but by their admission that they executed the note as set out in the complaint, present the question as to their relationship to the note to the Court for determination as a matter of law. There was no error in holding that they are sureties.

It is clear that the annual payments of interest on the note, made by the Farmers Mercantile Company, the principal, renewed the same to 1 January, 1918, both as to the company and as to defendants, who as sureties were liable to the plaintiff, payee of the note, as makers. C. S., 416. In *Houser v. Fayssoux,* 168 N. C., 1, *Justice Brown* says that it is well settled in this State that a payment by the principal on a note, before the bar of the statute, operates as a renewal of the debt as to himself and also as to the sureties on the note; the note sued on was therefore extended, as to principal and sureties, to 1 January, 1918.

What was the effect of subsequent annual payments of interest made by Walter G. Ward and G. C. Earp, cosureties with defendants, the last payment having been made on 1 January, 1922?

In *Barber v. Absher Co.,* 175 N. C., 602, *Justice Allen* says: "It is also settled that a payment, to have the effect of repelling the statute of limitations must be made by one in the same class and that a payment by the maker does not continue the right of action against the endorser." The relation of an endorser to the note differs from that of a surety, the liability of the latter being primary, that of the former secondary. Defenses available to an endorser, are not available to a surety, the distinction being founded upon the difference in their liability. As between the principal and sureties, and as between cosureties there is a community of interest and a common obligation. The right of a surety who has paid the debt to call upon the cosurety for contribution is upheld upon this principle. *Gillam v. Walker,* 189 N. C., 189. Payment by one surety on the debt for which there is a common liability, with right of contribution, before an action on the debt is barred, renews it as to cosureties. C. S., 417. The note sued on was extended as to all the defendants to 1 January, 1922, by the payments made thereon by Ward and Earp.

There was no error in the instruction of his Honor upon the first issue. Defendant's assignments of error cannot be sustained. There is

No error.