This is an action on a note, which is in words and figures as follows:
"$3,000.00. RALEIGH, N.C. 17 December, 1926.
Thirty days after date, without grace, we promise to pay The Raleigh Banking and Trust Company or order, the sum of three thousand and no/100 dollars, negotiable and payable at said bank, with interest after maturity, if unpaid, at the rate of six per cent per annum, payable semiannually, for value received, being for money borrowed; and the subscribers and endorsers hereby agree to continue and remain bound for the payment of this note and all interest thereon, notwithstanding any extension of time granted to the principal, and notwithstanding any failure or omission to protest this note for nonpayment, or to give notice of nonpayment or dishonor or protest, or to make presentment or demand for payment, hereby expressly waiving any protest and any and *Page 626 
all notice of any extension or of nonpayment or dishonor or protest in any form or any presentment or demand for payment, or any other notice whatsoever. 12693 C. V. YORK. H.A. UNDERWOOD."
The note bears an endorsement as follows: "Willis Smith." This endorsement was on the note when it was delivered to the plaintiff. Interest has been paid on the note to 16 September, 1928, as appears from notation on the back thereof. No other payment has been made to plaintiff on account of said note. This action was begun on 14 August, 1929.
Defendants admit the execution of the note, and their liability to plaintiff for the amount due thereon.
Each of said defendants, however, denies that he is liable as maker or principal; each alleges that he is liable to plaintiff, and as between himself and his codefendants, only as an accommodation endorser. Evidence was offered at the trial by each defendant tending to sustain his allegation. There was evidence also tending to show that defendants are liable as appears on the note, and as alleged in the complaint, to wit, that defendants, C. V. York and H.A. Underwood are liable as makers, and the defendant, Willis Smith, as an accommodation endorser.
The issues submitted to the jury were answered as follows:
"1. Is the liability of the defendant, C. V. York, that of a maker, or that of an accommodation endorser? Answer: Maker.
2. Is the liability of the defendant, H.A. Underwood, that of a maker, or that of an accommodation endorser? Answer: Accommodation endorser.
3. Is the liability of the defendant, Willis Smith, that of a maker, or that of an accommodation endorser? Answer: Maker."
From judgment that plaintiff recover of the defendants, C. V. York, and Willis Smith, as principals, and H.A. Underwood, as endorser, the sum of $3,000, with interest thereon at the rate of six per cent per annum, from 16 September, 1928, until paid, together with the costs of the action, the defendant, Willis Smith, appealed to the Supreme Court.
On the face of the note sued on in this action, the defendants, C. V. York and H.A. Underwood, each having admitted in his *Page 627 
answer that he signed his name as appears thereon, are makers or principals, and are liable as such, both to the plaintiff, as holder of the note, and to their codefendant, Willis Smith, as endorser. In the language of the statute, both said defendants are "absolutely required to pay the note." C. S., 2977. Nothing else appearing, they are liable primarily to the plaintiff for the amount due on the note at the commencement of this action. Their liability is that of joint-makers, with the right, as between themselves, of contribution. Roberson v. Spain, 173 N.C. 23,91 S.E. 361. There is nothing on the face of the note showing that either of said defendants is surety for the other. Even if it were otherwise, these defendants would be liable primarily to the plaintiff, and would be required absolutely to pay the amount due on the note. In Rouse v. Wooten, 140 N.C. 557, 53 S.E. 430, it is held that, under C. S., 2977, the liability of a surety on a note is primary, for that he is absolutely required by the terms of the instrument to pay the amount due thereon. Of course, as between the surety and his principal, the surety is not liable, and if he is required to pay the amount due on the note, or any part thereof, he is entitled to recover of his principal the amount paid by him. Payment by the principal, however, discharges the note and relieves the surety of all liability thereon.
On the face of the note the defendant, Willis Smith, is an endorser, and upon the admission in the pleadings that he signed his name on the back of the note, before its delivery to the plaintiff, he is liable only as an endorser. In Perry v. Taylor, 148 N.C. 362, 62 S.E. 423, it is held, in the language of the statute — C. S., 3044 — that a person, not otherwise a party, placing his name in blank on the back of a negotiable instrument, before delivery, unless he clearly indicates by appropriate words his intention to be bound in some other capacity, is liable as an endorser; upon failure of the holder to give him notice of nonpayment at maturity, he is discharged. The liability of an endorser, nothing else appearing, is secondary, and upon payment by him of the amount due on the note, or any part thereof, he is entitled to recover the amount paid of all parties primarily liable. Dillard v. Farmers Mercantile Co., 190 N.C. 225,129 S.E. 598; Gillam v. Walker, 189 N.C. 189, 126 S.E. 424;Barber v. Absher Co., 175 N.C. 602, 96 S.E. 43; Meyers v. Battle,170 N.C. 168, 86 S.E. 1034; Bank v. Wilson, 168 N.C. 557, 84 S.E. 866;Houser v. Fayssoux, 168 N.C. 1, 83 S.E. 692. In the instant case, all the defendants, whether makers, sureties, or endorsers, have waived notice of nonpayment of the note at maturity; neither of the defendants relies upon failure of such notice, as a defense in this action.
The defendant, Willis Smith, admits his liability to plaintiff for the amount due on the note set out in the complaint, but contends that he is *Page 628 
liable, both to the plaintiff and as between himself and his codefendants, only as an accommodation endorser, for the reason that said codefendants are primarily liable on the note, as appears on its face, while he is liable only secondarily.
The defendants, C. V. York and H.A. Underwood, contend that the defendant, Willis Smith, although his name appears on the note as that of an endorser, is, in fact, a maker, and as such primarily liable to the plaintiff. Each of these defendants further contend that he signed the note, not as a maker, as appears thereon, but as an accommodation endorser.
Evidence was offered at the trial in support of these conflicting contentions. This evidence was submitted to the jury as pertinent to the issues set out in the record.
The law applicable to these contentions is as follows:
"In the absence of any special agreement, the relation which the parties to a bill or note bear to each other, is to be determined by the instrument to which they are parties. Ordinarily, the signatures of parties to negotiable instruments have a well-understood position on the paper. The payee is named in the body of the note, the makers sign it upon its face, below the body of the instrument, and the endorser or guarantor signs his or her name upon the back. But the extent of the obligations assumed in and by promissory notes ought to be determined between the parties contracting, as in other contracts, by the intention of the parties, rather than by the particular place where one of the parties has placed his signature. So an endorsement may be made on the face of an instrument with the same effect as if made on the back, if such is the expressed intent of the parties." 3 R. C. L., p. 1122.
There was evidence in the instant case tending to show that at the time each of the defendants placed his name on the note, as appears on its face, and before its delivery to the plaintiff, it was understood and agreed by and between all the parties to the note, that the defendants did not intend to become bound thereon as their signatures indicated, but otherwise, as each defendant now contends, both as to himself and as to his codefendants; there was evidence to the contrary. An examination of the entire charge of the learned judge who presided at the trial in the Superior Court, does not disclose that he failed to charge the jury, as contended by the appellant, that in order to vary the liability of the defendants on the note, as appears on its face, the jury must find that there was an agreement to that effect to which all the defendants were parties. This principle was applied in Bank v. Burch, 145 N.C. 316, 59 S.E. 71. In that case it was held that in the absence of an agreement, or at least of a mutual understanding, to the contrary, the liability of the defendants was fixed by the terms of the note, and that *Page 629 
it was therefore error to hold the appellant, who had signed his name on the back of the note, as surety, liable as cosurety with a defendant who had signed as a maker. In Lancaster v. Stanfield, 191 N.C. 340,132 S.E. 21, it is said:
"It is a general rule that the true relation subsisting between the several parties bound for the performance of a written obligation may be shown by parol. The surety on the face of a note, and an accommodation endorser may, as between themselves, be shown by parol to be cosureties by virtue of a verbal understanding to that effect; and so it may be shown that, as among themselves, plaintiffs and defendants are mutually liable as joint-makers or cosureties. Brandt Suretyship Guaranty, Vol. I (3d ed.), pp. 562-3; Bank v. Burch, 145 N.C. 316, 59 S.E. 71; Sykes v. Everett,167 N.C. 600, 83 S.E. 585; Gillam v. Walker, 189 N.C. 189,126 S.E. 424; Dillard v. Mercantile Co., 190 N.C. 225, 129 S.E. 598." The jury was properly instructed in accordance with the principle applied in authoritative decisions of this Court.
The contention of the appellant that the instructions to the jury with respect to the burden of proof on the issues appearing in the record, were erroneous, or at least confusing, must be sustained.
The burden of proof on the first issue involving the liability of the defendant, C. V. York, was on said defendant. On the face of the note, he is liable as a maker, or principal. He contended that he is liable only as an accommodation endorser. The court correctly instructed the jury that they should answer this issue, "maker," unless they found by the greater weight of the evidence that said defendant signed the note as an accommodation endorser, and that upon so finding they should answer, "accommodation endorser."
The burden of proof on the second issue, involving the liability of the defendant, H.A. Underwood, was on said defendant. On the face of the note, he is liable as a maker or principal. He contended that he is liable only as an accommodation endorser. The court instructed the jury as follows: "If the evidence satisfies you by its greater weight that he (H.A. Underwood) signed as a maker, you will say `maker'; and if he signed as endorser, you will write in answer to that issue, `endorser.'" This was error. The burden was on the defendant, H.A. Underwood, to show, by the greater weight of the evidence that he signed the note as an accommodation endorser, as he contended, and not as maker, as shown on the face of the note.
The burden of proof on the third issue, involving the liability of the defendant, Willis Smith, was not on said defendant, but on the defendants, C. V. York and H.A. Underwood. They contended that the defendant, Willis Smith, is liable as a maker; he contended that, as appears on the face of the note, he is liable only as an endorser. The court instructed the jury as follows: "If the evidence satisfies you by *Page 630 
its greater weight that he (Willis Smith) signed as maker, then you will answer this issue, `maker'; but if you are satisfied by the greater weight of the evidence that he signed as endorser, your answer will be `as endorser.'" This was error, or at least confusing. This instruction imposed, or the jury might well have understood it as imposing, the burden of proof on the third issue on the defendant, Willis Smith.
We fail to find in the charge any instruction to the jury with respect to the presumption of liability arising from the face of the note. In the absence of evidence to the contrary, the defendants, C. V. York and H.A. Underwood, are liable as makers, and the defendant, Willis Smith, is liable as an endorser. The burden of proof on each issue was on the defendants, who contended that said issue should be answered otherwise than shown by the note. In view of the facts and circumstances shown by all the evidence, we think that the defendant, Willis Smith, is entitled to a new trial of this action. See Hunt v. Eure, 189 N.C. 482, 127 S.E. 593. In that case, the principle stated in Speas v. Bank, 188 N.C. 524,125 S.E. 398, as follows, is approved:
"The party alleging a material fact, necessary to be proved, and which is denied, must establish it by a preponderance of the evidence, or by the greater weight of the evidence. Having alleged the truth of a matter in issue, he becomes the actor as to such matter, and necessarily has the burden of proving it. The party denying his allegations cannot have this burden at any time during the trial, for this would be to place the burden of the issue on both parties at the same time."
It should be noted that in this case there was no denial by the defendants, or by either of them of liability to the plaintiff. The controversy was among the defendants, and involved only their respective liability to each other.
New trial.