ANDREW J. DAVIS v. R. E. ROYALL.

(Filed 8 February, 1933.)

1. **Bills and Notes H a—**

In an action against an endorser on a note the burden of showing that notice of dishonor was given the endorser is on the plaintiff.

2. **Bills and Notes D c—Held: evidence did not show as matter of law that endorser waived his right to notice of dishonor.**

Interest on a note was paid after maturity, the entries thereof on the back of the note being made by an endorser. Thereafter, the endorser severed his business connections with the principal on the note, and the interest was again paid without the knowledge of the endorser. There was no waiver of notice of dishonor on the face of the note, and it did not appear whether the interest was paid in advance. In an action on the note against the endorser: *Held,* it cannot be determined as a matter of law that the endorser was not entitled to notice of dishonor by reason of his consent to an extension of time of payment granted the principal. C. S., 3071, 3085, 3055.

CIVIL ACTION, before *Devin, J.,* at June Term, 1932, of WAKE.

On 26 January, 1926, the Royall Cotton Mills executed and delivered to the plaintiff a promissory negotiable note in the sum of $2,000, pay-

able twelve months after date. The defendant, R. E. Royall, was an accommodation endorser on said note. At the time of the endorsement Royall was president of the mill, but severed his connection as such officer in September, 1929, although serving as chairman of the board for sometime thereafter. Interest was paid on the note through 26 January, 1931. The defendant, Royall, made entries of interest payments on the note, including 26 January, 1930. When the note matured on 26 January, 1931, the interest was paid by Mr. Johnson, president of the mill, succeeding Mr. Royall. In December, 1930, the plaintiff wrote the Royall Cotton Mills, maker of the note, that he wanted the note paid in full. The cotton mill went into the hands of the receiver in June, 1931, and this action was instituted on 12 January, 1932.

There was evidence tending to show that the plaintiff had said to the defendant: "I told him that the money had not been paid and that he was responsible for it. I forgot that he was on the note for a short time and his name was at the bottom of the signature for four or five years. I said, 'Mr. Royall, you know that you are responsible for this money.' I told Mr. Royall in front of his bank on 26 January, when the note was due, that he was endorser on the note and it had not been paid. I said to him, 'You are responsible,' " etc.

An issue of indebtedness was submitted to the jury and answered in favor of the plaintiff.

*J. G. Mills for plaintiff.*
*N. Y. Gulley and Biggs & Broughton for defendant.*

Brogden, J. The trial judge instructed the jury as follows: "The plaintiff having offered the note, and its execution and endorsement being admitted, nothing else appearing, nothing having been paid on the note, the plaintiff would be entitled to have you answer the issue $2,000 and interest, and it would then be incumbent upon the defendant to show that the plaintiff would not be entitled to recover for the reason that the plaintiff failed to give him notice of dishonor in accordance with the statute. If he has so satisfied you by the greater weight of evidence, you will say, 'Nothing.' "

The defendant asserts that the foregoing instruction is erroneous for that the burden of showing notice of dishonor was placed upon the defendant. The contention of the defendant is upheld by the decision in *Exchange Co. v. Bonner,* 180 N. C., 20, 103 S. E., 907. See, also, *Busbee v. Creech,* 192 N. C., 499, 135 S. E., 326, and *Pittman v. Bell,* 196 N. C., 805.

Nevertheless, plaintiff insists that the defendant was not entitled to notice as a matter of law for the reason that he consented to the exten-

sion of time of payment granted principal. There is no waiver of notice in the face of the instrument and it does not appear whether the interest was paid in advance. It does appear that interest was paid on 26 January, 1931, at a time when the defendant, Royall, had nothing to do with the mill and knew nothing of such payment. The principle announced in *Bank v. Johnston,* 169 N. C., 526, 86 S. E., 360, is applicable in proper cases, but the evidence in the record is not of such definite character as to enable this Court to declare as a matter of law that the defendant was not entitled to notice of dishonor as provided in C. S., 3071, 3085, and 3055. *Wrenn v. Cotton Mills,* 198 N. C., 89, 150 S. E., 676; *Corporation Commission v. Wilkinson,* 201 N. C., 344.

New trial.