This is an action to recover on six notes described in the complaint. The action was begun on 28 December, 1932.
The notes sued on were executed by the defendant Fowler Automobile Company as maker. They were endorsed before delivery to the plaintiff *Page 310 
by A. R. Willis, T. G. Hyman and J. V. Blades. Each of said notes was due prior to the commencement of this action.
Both A. R. Willis and T. G. Hyman are dead. The defendant Rexford Willis is the executor of A. R. Willis, deceased, and the defendant Harriet L. Hyman is the executrix of T. G. Hyman, deceased. The defendant J. V. Blades has been duly adjudged a bankrupt, and has been duly discharged of his liability as an endorser of the notes sued on. Neither the defendant Fowler Automobile Company nor the defendant Rexford Willis, executor of A. R. Willis, filed an answer to the verified complaint.
Issues raised by the answer of the defendant Harriet L. Hyman, executrix of T. G. Hyman, were answered by the jury as follows:
"6. Was due notice of the nonpayment of the notes maturing on 24 March and 24 September, 1930, given to T. G. Hyman? Answer: `No.'
"7. Was due notice of the nonpayment of the notes maturing on 24 March and 24 September, 1931, and 24 March and 24 September, 1932, given to defendant Harriet L. Hyman, executrix? Answer: `No.'
"8. What amount, if any, is plaintiff entitled to recover of the defendant Harriet L. Hyman, executrix? Answer: `Nothing.'
From judgment that plaintiff recover nothing of the defendant Harriet L. Hyman, executrix of T. G. Hyman, deceased, and that said defendant recover of the plaintiff her costs in the action, the plaintiff appealed to the Supreme Court, assigning errors in the trial.
In the absence of any evidence at the trial of this action tending to show that plaintiff gave due notice to T. G. Hyman of the nonpayment of the notes which matured prior to his death, and also of any evidence tending to show that plaintiff gave due notice to his executrix of the nonpayment of the notes which matured after his death, there was no error in the instructions of the court to the jury with respect to the 6th, 7th, and 8th issues. The burden of showing such notice was on the plaintiff. Davis v.Royall, 204 N.C. 147, 167 S.E. 559; Exchange Co. v. Bonner, 180 N.C. 20,103 S.E. 907. The failure of the holder of a negotiable instrument to give an endorser notice of its nonpayment, as required by statute (C. S., 3084 et seq.), discharges the endorser. Barber v. Absher Co., 175 N.C. 602,96 S.E. 43; Perry v. Taylor, 148 N.C. 362, 63 S.E. 423.
We find no error in the trial of this action. The judgment is affirmed.
No error. *Page 311