D. T. HYDE v. JOHN A. TATHAM AND WILLIAMS AND FULGHAM LUMBER COMPANY.

(Filed 8 February, 1933.)

1. **Pleadings G b—**

   The liability of a defendant will be determined in accordance with the theory of liability alleged in the complaint.

2. **Bills and Notes C a—Person signing note as endorser is bound in that capacity in absence of words indicating contrary intention.**

   One who signs a note as an endorser without indicating by proper words his intention to be bound in any other capacity is an endorser, C. S., 3044, and by his unqualified endorsement engages to pay the note to a holder, or any subsequent endorser required to pay it, upon proper notice of dishonor and proceedings thereon. C. S., 3047.

3. **Same—An endorser of commercial paper is entitled to notice of dishonor.**

   An endorser on commercial paper is entitled to notice of dishonor, and where in an action against an endorser on a note there is testimony that the endorsement was not an accommodation endorsement, C. S., 3061, an instruction that if the jury found that the note had been executed and transferred to plaintiff and had not been paid, that they should allow recovery for the amount of the note with interest is error.

APPEAL by defendant Tatham from *Stack, J.,* at June Term, 1932, of GRAHAM. New trial.

The Williams and Fulgham Lumber Company executed and delivered to its codefendant John A. Tatham its promissory note as follows:

"$262.98.                        Biltmore, N. C., 13 January, 1931.

Three months after date we promise to pay to the order of John A. Tatham, two hundred and sixty-two dollars ninety-eight cents. At National Bank of Commerce, Asheville, N. C. Value received.

                            Williams and Fulgham Lumber Co.
No. 5522.                        Per J. E. Fulgham, Sec. and Treas.

"Endorsed on back: John A. Tatham, D. T. Hyde."

The plaintiff brought suit on this note and on another note dated 10 February, 1931, in the sum of $250, executed by the Williams and Fulgham Lumber Company, and on an open account for $417.91 alleged to be due by the Lumber Company. Tatham's motion for nonsuit was denied as to the action on the note herein set out and was allowed as to the last two causes of action. The jury returned a verdict fixing Tatham's indebtedness to the plaintiff at $262.98 with interest from 13 April, 1931. Judgment for plaintiff; appeal by Tatham.

*Moody & Moody for appellant.*
*No counsel contra.*

ADAMS, J. The plaintiff was the only witness. He testified that he had received the note from Tatham before its maturity and had endorsed and delivered it to Hyatt; that Hyatt had returned it, and that the plaintiff was the owner and holder of the note at the time he brought suit.

Instead of being clear the testimony is rather confusing. A part of it seems to indicate that Tatham sold the lumber "for the money," and thereby became indebted to the plaintiff; but other parts are inconsistent with this inference. The plaintiff alleges, however, that Tatham is indebted to him on the note, not in assumpsit for money had and received; and in passing on the question of the appellant's liability we are restricted to the allegations in the complaint.

Tatham was an endorser of the note: he did not indicate by appropriate words his intention to be bound in any other capacity. C. S., 3044; *Houser v. Fayssoux*, 168 N. C., 1. By his unqualified endorsement he engaged that on due presentment the note should be paid according to its tenor, and that if dishonored and the necessary proceedings on dishonor were taken he would pay the amount thereof to the holder or to any subsequent endorser who might be compelled to pay it. C. S., 3047.

An endorser of commercial paper is entitled to notice of dishonor. *Perry v. Taylor*, 148 N. C., 362; *Houser v. Fayssoux, supra; Bank v. Johnston*, 169 N. C., 526; *Horton v. Wilson*, 175 N. C., 533. We find nothing in the record which is sufficiently definite to be within any of the exceptions to this rule. Presentment for payment is not required to charge an endorser if the instrument is made for accommodation and he has no reason to believe that it will be paid if presented; C. S., 3061; but the plaintiff testified that the appellant was not an endorser for accommodation.

We think the following instruction to the jury was inaccurate: "If you believe the note was executed and transferred to the plaintiff, there being nothing to show discharge or payment, your answer would be the amount of the note with interest as stated. The evidence is undisputed and if you believe it, your answer would be $262.98 with interest from 13 April, 1931."

The exception to the instruction entitles the appellant to a new trial, in which the facts may be more clearly developed.

New trial.