D. C. WADDELL, JR., v. GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. PEOPLES BANK OF BURNSVILLE, C. L. THOMPSON, AND J. W. WHEELER, ET AL.

(Filed 31 October, 1934.)

1. **Bills and Notes C a—Person signing note as endorser will be deemed liable as endorser unless he shows contrary intention in writing.**

A person signing a note otherwise than as maker, drawer, or acceptor is deemed to be an endorser unless he clearly indicates, by appropriate words, his intention to be bound in some other capacity, C. S., 3044, and such "appropriate words" must appear upon the instrument itself or in some sufficient writing attached thereto and becoming an essential and integral part thereof, and in an action on the note by the payee parol evidence is not admissible to show that one signing as endorser is primarily liable on the note.

2. **Same—Resolution of directors held insufficient to show their intention to be bound as sureties on note.**

Defendants, directors of a bank, signed the note in question as endorsers pursuant to a resolution of the board of directors of the bank in which the bank assumed payment of the note and in which resolution it was stipulated that as between the maker "and endorsers" the endorsers

should be all jointly and severally liable: *Held*, the resolution of the board of directors of the bank, in which defendants were described as "endorsers," is insufficient to constitute defendants sureties on the note, and they will be deemed endorsers. C. S., 3044.

**3. Limitation of Actions C a—Payments by maker will not prevent bar as to endorsers given no notice of nonpayment.**

Where more than three years elapse after the maturity of a note, and no notice of nonpayment is given the endorsers, and all payments on the note are made by the maker thereof, and there is no waiver of notice on the face of the note, the endorsers' plea of the statute of limitations is a complete defense to their liability thereon.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Schenck, J.*, at Regular March Term, 1934, of BUNCOMBE.

The plaintiff brought suit upon a promissory note, dated 10 July, 1929, payable thirty days after date to the plaintiff. The note in the sum of $10,000 was signed by Peoples Bank of Burnsville, N. C. The note recited the following securities: "One note of A. G. Wilson in the sum of $10,000, dated 10 July, 1929," etc. The said collateral note, or Wilson note, was executed on 10 July, 1929, in the sum of $10,000, payable to G. D. Bailey or order. This collateral note purported to be endorsed by G. D. Bailey, C. L. Thompson, W. O. Griffith, I. B. Bailey, S. H. Banks, J. A. Goodin, William I. Parnell, Sallie Parnell, W. Z. Robertson, J. L. Hyatt, and J. W. Wheeler; said endorsers being officers and directors of the Peoples Bank of Burnsville. The Peoples Bank of Burnsville was closed on 2 October, 1933, and the defendant Gurney P. Hood took possession of its assets according to law. The Peoples Bank of Burnsville had made payments from time to time on the original note, and at the time it closed it was alleged that there was a balance due plaintiff on said note in the sum of $2,984.16. This suit was brought by the plaintiff against the endorsers of the collateral note, or Wilson note, on 16 November, 1933. The defendants J. W. Wheeler and C. L. Thompson filed answers alleging that they were endorsers on the collateral note, or Wilson note, and that said note became due on 10 August, 1929, and that no notice of dishonor or nonpayment had ever been given them, and consequently they pleaded the three-year statute of limitations as a bar to the right of plaintiff to recover upon the collateral or Wilson note. There was testimony of the plaintiff to the effect that the plaintiff would not accept the note of the Peoples Bank of Burnsville and loan $10,000 to it until the officers and directors of the bank passed a resolution, the pertinent part of which is as follows: "Whereas the cashier and board of directors of the Peoples Bank of Burnsville, N. C., deem it necessary to borrow the sum of $10,000 to meet the obligations of the bank and keep a proper reserve; and whereas

A. G. Wilson had this day executed a note for the sum of $10,000, endorsed by W. L. Thompson, W. O. Griffith, S. H. Banks, J. A. Goodin, William I. Parnell, Sallie Parnell, W. Z. Robertson, J. L. Hyatt, and J. W. Wheeler, to G. D. Bailey, and it is understood and agreed between the maker and endorsers that they are all jointly and severally liable for the payment of said note.

"It is therefore ordered by the board that the payment of said note be and the same is hereby assumed by the bank."

There was evidence tending to show that Wheeler was present at the meeting of the directors when the resolution was adopted, and other evidence tending to show that he was not present. At the conclusion of plaintiff's evidence the defendants Thompson and Wheeler moved for judgment of nonsuit, which was granted, and the plaintiff appealed.

*Ford, Coxe & Carter for plaintiff.*
*Watson & Fouts for C. L. Thompson.*
*Charles Hutchins for J. W. Wheeler.*

BROGDEN, J. Were the defendants Wheeler and Thompson endorsers or sureties on the note held by plaintiff?

It is to be noted that this suit is brought on a $10,000 promissory note, executed by the Peoples Bank of Burnsville and payable to the plaintiff. A collateral note of A. G. Wilson in the sum of $10,000, payable to G. D. Bailey, was recited in the original note. The plaintiff alleged that this collateral note, or Wilson note, was endorsed by the officers and directors of the bank, including the defendants Thompson and Wheeler. The evidence tended to show that these defendants endorsed the note pursuant to a resolution adopted by the officers and directors, reciting the execution of the note, and that "it is understood and agreed between the maker and endorsers that they are all jointly and severally liable for the payment of said note." Consequently, it appears that the plaintiff alleged that the defendants are endorsers, and the resolution by which the relationship of surety is sought to be established described the defendants as endorsers.

C. S., 3044, provides that "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." The question then occurs: How shall such "intention to be bound in some other capacity" be established? The statute expressly prescribes that such intention must be clearly indicated "by appropriate words."

This Court has held that the "appropriate words" clearly indicating the "intention to be bound in some other capacity" must appear in the

note itself or by some sufficient writing attached to the note and becoming an essential and integral part thereof. This idea was expressed in *Busbee v. Creech,* 192 N. C., 499, 135 S. E., 326, as follows: "Parol evidence is not competent to show that the liability of one whose name is written on the back of a note as an endorser is primary, and not secondary, for the purpose of sustaining the contention that notice of dishonor by nonpayment is dispensed with. The liability of one who has endorsed a note, where it is contended that such liability is other than that of an endorser, must be determined by appropriate words contained in the note." This utterance is fully supported by *Dillard v. Mercantile Co.,* 190 N. C., 225, 129 S. E., 598; *Wrenn v. Cotton Mills,* 198 N. C., 89, 150 S. E., 676; *Hyde v. Tatham,* 204 N. C., 160, 167 S. E., 626. See, also, *Commercial Security Co. v. Main Street Pharmacy,* 174 N. C., 655, 94 S. E., 298.

Applying the law to the facts, as disclosed by the record, it would seem manifest that the defendants must be deemed to be endorsers. The record discloses that all payments on the original note were made by the bank and that more than three years have elapsed since the maturity of the note, and that no notice was given the defendants. Therefore, as the defendants are endorsers and not sureties, the statute of limitations constitutes a defense in the absence of a waiver in the face of the note, and the ruling of the trial judge was correct. *Barber v. Absher Co.,* 175 N. C., 602, 96 S. E., 43; *Dillard v. Mercantile Co., supra; Bank v. Hesse, ante,* 71.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.