LOUISE W. HOWARD v. T. S. WHITE et al.

(Filed 1 March, 1939.)

**Limitation of Actions § 2e—Action on note under seal is barred in three years as against endorser, even though endorsement itself is under seal.**

An action on a note under seal against an endorser on the note is ordinarily barred after three years from maturity of the note, C. S., 441 (1), even though the endorsement is itself also under seal, an endorser not being a principal to the note so as to come within the provisions of C. S., 437 (2), prescribing a ten-year period "upon a sealed instrument against the principal thereto."

APPEAL by plaintiff from *Thompson, J.,* at October Term, 1938, of PERQUIMANS. No error.

*W. D. Pruden for plaintiff, appellant.*
*C. R. Holmes and McMullan & McMullan for T. S. White, defendant, appellee.*

SCHENCK, J. This is an action against the makers and endorsers of a promissory note, which resulted in a verdict and judgment against all of the defendants except T. S. White, one of the endorsers. The plaintiff reserved exception to that portion of the judgment which adjudged that the plaintiff recover nothing from the defendant T. S. White, and appealed to the Supreme Court.

The note sued upon is dated 3 July, 1933, and matured 15 December, 1933, and is signed "Reed & Felton (Seal) by D. F. Reed, Part. (Seal)," and is endorsed on the back thereof "D. F. Reed (Seal), T. S. White (Seal), J. O. Felton (Seal)." This action was commenced 8 December, 1937. The defendant T. S. White answered and pleaded the three-year statute of limitations, C. S., 441(1). The court declined to instruct the jury that such statute was inapplicable, as requested in apt time by the plaintiff, and the jury found that the action as it relates to T. S. White was barred thereby. As stated in appellant's brief, "the only point in the case is whether the three-year statute or the ten-year statute applies to an endorser where the endorsement itself is under seal."

The period prescribed for the commencement of an action "upon a sealed instrument against the principal thereto." is "within ten years." C. S., 437(2). This is an action upon a note, a sealed instrument, but T. S. White is not a "principal thereto," being an accommodation endorser. "The relation of an endorser to the note differs from that of a surety, the liability of the latter being primary, that of the former

secondary. Defenses available to an endorser are not available to a surety, the distinction being founded upon the difference in their liability." *Dillard v. Mercantile Co.*, 190 N. C., 225 (228). An action against T. S. White, as an endorser of the note sued upon, was barred by the three-year statute of limitations, which began to run at the maturity of the note, *Nance v. Hulin*, 192 N. C., 665, and cases there cited; and not being a principal to the note endorsed, the fact that his endorsement was put under seal did not bring the action within the ten-year provision of C. S., 437 (2), and thereby extend the period within which it might have been commenced against him free from the statute, C. S., 441 (1), which prescribes the period of three years for the commencement of an action "upon a contract, obligation or liability arising out of the contract, expressed or implied," with certain exceptions not here applicable.

In the holding of the judge of the Superior Court we find
No error.