HERTFORD BANKING COMPANY v. H. C. STOKES, T. S. WHITE, J. P. PERRY, NELLIE NEWBY NIXON, Administratrix of THOMAS J. NIXON, JR., and EDNA J. NIXON, Administratrix, and B. B. DAWSON, Administrator of THOMAS NIXON.

(Filed 1 March, 1944.)

**1. Bills and Notes §§ 9c, 10b—**

Where a resolution, by the board of directors of a corporation, author-ized two of their number, by their signatures, to bind each of the directors individually on any notes due by the company or renewals thereof, the endorsement of such notes, by the two directors so authorized, binds the other directors as endorsers only and not as principals. G. S., 25-69.

**2. Bills and Notes § 10b—**

An action on a note under seal against an endorser on the note is ordi-narily barred after three years from maturity, even though the endorse-ment is under seal.

**3. Limitation of Actions § 2e: Bills and Notes § 17a—**

Payments by the principal on a note under seal do not stop the running of the statute of limitations in favor of an endorser.

APPEAL by plaintiff from *Thompson, J.,* at November Term, 1943, of PERQUIMANS.

Civil action instituted 12 January, 1943, to recover of the defendants, as principal obligors, on certain notes executed by White & Company, Inc.

The pertinent facts are as follows: Prior to 8 February, 1924, H. C. Stokes, T. S. White, J. P. Perry, Thomas Nixon and Thomas J. Nixon, Jr., were partners, and doing business under the firm name of White & Company. On 8 February, 1924, the business was incorporated under the name of White & Company, Inc., and each of the above named partners became directors of the corporation.

Certain loans from the plaintiff bank were renewed by the corporation, from time to time, and the notes now held by the plaintiff, the plaintiff alleges, were executed by the corporation and on behalf of the directors of the corporation, pursuant to a resolution, a certified copy of which was delivered to the plaintiff, as follows:

"HERTFORD, N. C.
March 4th, 1930.

"We, the undersigned, Directors of White & Co., Inc., in meeting here assembled do hereby and henceforth authorize H. C. Stokes and J. P. Perry, by their signatures to bind the directors of the said White & Co., Inc., in the matter of any notes due by the company or any renewals of such notes. And it is understood that by such signatures each director becomes liable for his proportionate share in the same manner as if each director individually signed the notes.

"Given under our hands and seals this 5th day of March, 1930.

T. S. WHITE      (SEAL)
J. P. PERRY      (SEAL)
THOMAS J. NIXON, JR.      (SEAL)
H. C. STOKES      (SEAL)
THOMAS NIXON      (SEAL)."

The notes are in words and figures as follows:

"Hertford, N. C., Feby. 16, 1933. For value received 60 days after date, on Apr. 17, 1933, I promise to pay Hertford Banking Co., or order, $4,950.00 Forty nine hundred and fifty & No/100 Dollars.

"Negotiable and payable without offset at Hertford Banking Co., Hertford, N. C.

           WHITE & Co., INC.      (SEAL)
P. O. City.      By H. C. STOKES, Mgr.      (SEAL)."

On the back of the note appears the following:

"Protest, demand and Notice of non-payment waived.

           WHITE & Co., INC.      (SEAL)
           H. C. STOKES, Mgr.      (SEAL)
           H. C. STOKES      (SEAL)."

"Hertford, N. C., Feby. 9, 1933. For value received 60 days after date, on Apr. 10, 1933, I promise to pay Hertford Banking Co. or order $4,950.00, Forty nine Hundred Fifty & No/100 Dollars.

"Negotiable and payable without offset at Hertford Banking Co., Hertford, N. C.

           WHITE & Co.      (SEAL)
P. O. City.      By H. C. STOKES      (SEAL)."

On the back of this note appears the following:

"Protest, demand and Notice of non-payment waived.

|  |  |
|---|---|
| WHITE & Co., INC. | (SEAL) |
| By H. C. STOKES, Mgr. | (SEAL) |
| H. C. STOKES | (SEAL)." |

It is admitted that the above notes are subject to certain credits entered thereon.

Thomas Nixon and Thomas J. Nixon, Jr., are dead and their personal representatives have been made parties defendant.

The defendants set up various defenses in their respective answers and each defendant pleads the several statutes of limitation as an express bar to any recovery by the plaintiff.

At the close of plaintiff's evidence, the defendants moved for judgment as of nonsuit, and renewed the motion at the close of all the evidence, which motion was allowed and judgment entered accordingly. Plaintiff appeals, assigning errors.

*J. Kenyon Wilson for plaintiff.*

*Chas. Whedbee for Nellie N. Nixon, Administratrix.*

*John H. Hall for Edna J. Nixon, Administratrix, and R. B. Dawson, Administrator of Thomas Nixon.*

*McMullan & McMullan for White, Stokes and Perry.*

DENNY, J. The plaintiff presents for our consideration seventeen exceptive assignments of error. However, a proper disposition of this appeal involves only a consideration of the sixteenth exceptive assignment, which was entered to his Honor's ruling in sustaining the motion by the defendants for judgment as of nonsuit.

The plaintiff is seeking to hold the defendants as principal obligors on the aforesaid notes, under and by virtue of the authority contained in the resolution of the Board of Directors of White & Company, Inc.

It appears of record that prior to the execution of the notes set forth herein, J. P. Perry and H. C. Stokes endorsed the notes executed to the plaintiff and that the notes now held by the plaintiff are renewals thereof. However, there is no evidence to support the contention of the plaintiff that Perry and Stokes, on behalf of themselves and the other defendants, signed any notes for White & Company, Inc., as principals, pursuant to the authority contained in the resolution of the directors of said company. Hence, we need not consider what the liability of these defendants might have been if Stokes had executed these notes under seal, as a principal obligor. We are concerned only with the facts as they exist and Stokes

signed the notes as an endorser and purported to do so under seal. Irrespective of 'his power to bind the other directors, under the provisions contained in the resolution, we hold that he did not bind them to any greater liability than he himself assumed, which was that of an endorser. G. S., 25-69 (C. S., 3044); *Waddell v. Hood, Comr. of Banks,* 207 N. C., 250, 176 S. E., 558; *Trust Co. v. York,* 199 N. C., 624, 155 S. E., 263; *Dillard v. Mercantile Co.,* 190 N. C., 225, 129 S. E., 598.

An action on a note under seal against an endorser on the note is ordinarily barred after three years from the maturity of the note. G. S., 1-52 (C. S., 441); *Howard v. White,* 215 N. C., 130, 1 S. E. (2d), 356; *Nance v. Hulin,* 192 N. C., 665, 148 S. E., 38. Likewise, the three-year statute of limitations is applicable to an action against an endorser, even though the endorsement is under seal. *Howard v. White, supra.*

Certain payments were made on the notes sued upon by some of the defendants; however, the last of these payments were made and credited on 4 October, 1933. Small payments by White & Company, Inc., were made and credited on the notes in 1937, 1938 and 1939; these payments, however, did not stop the running of the statute of limitations in favor of the defendants. *Nance v. Hulin, supra; Barber v. Absher Co.,* 175 N. C., 602, 96 S. E., 43.

Conceding that the defendants are liable as endorsers on these notes, more than three years elapsed after 4 October, 1933, before the institution of this action, hence the action is barred by the three-year statute of limitations.

His Honor properly sustained the motion of the defendants for judgment as of nonsuit, and the judgment of the court below is

Affirmed.